Albert **MENGARELLI**, Petitioner,

v.

**UNITED STATES** of America, Respondent.

**Civ. No. LV 1573.**

United States District Court, D. Nevada.

March 26, 1971.

Bart M. Schouweiler, U. S. Atty., Alan B. Andrews, Asst. U. S. Atty., Las Vegas, Nev., for respondent.

Carl F. Martillaro, Carson City, Nev., for petitioner.

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE

HAUK, District Judge.

Petitioner is in federal custody pursuant to his conviction by a jury before the Honorable Bruce R. Thompson, Judge. The relevant facts are as follows:

Petitioner was convicted on the 20th day of February, 1969, of conspiracy to evade or defeat the federal excise tax imposed upon wagers (18 U.S.C. § 371; 26 U.S.C. § 4401 et seq.) and thereafter sentenced by Judge Thompson to one year in prison and a $10,000.00 fine. On May 12, 1970, his appeal was denied in Mengarelli v. United States, 426 F.2d 985 (9th Cir. 1970). Certiorari was denied by the Supreme Court. Petitioner's Motion for Modification of Sentence was denied by Judge Thompson on January 27, 1971. On February 5, 1971, Petitioner was ordered to surrender for execution of his sentence and began serving same.

Petitioner filed the matter presently before the Court on February 12, 1971. Entitled "Petition for Habeas Corpus", it was ordered by the trial judge that this motion be treated as a Motion to Set Aside, Vacate, or Correct Sentence pursuant to 28 U.S.C. § 2255. As Judge Thompson was unable to hear the motion because of prior commitments, it was assigned to this Court.

Petitioner contends:

1. That his trial attorney, Morton Galane, rendered inadequate and ineffective assistance before, during, and after trial.

2. That Petitioner's conviction was based upon illegally obtained evidence.

After reviewing the Motion to Reduce, Vacate, or Correct Sentence, the Government's Response thereto, the oral argument of both sides, and other evidence presented in open Court, and this Court being duly advised in the premises,

It is therefore ordered that the Motion to Set Aside, Reduce, or Correct Sentence be and the same hereby is denied for the following reasons:

## I. PETITIONER HAS NOT BEEN DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

Petitioner has presented various arguments to this Court which, he contends, point to the inadequate assistance of counsel, to wit:

a. Failure to raise certain pre-trial motions;

b. Lack of an effective trial defense;

c. Receiving trial help from a Mr. John Holden.

a. This Court is of the opinion that it does have the discretion to review the question whether the representation of counsel at trial was so inadequate as to warrant the granting of a motion under 28 U.S.C. § 2255. In so doing, this Court may review all the facts, and may even reexamine the question of an illegal search and seizure, even though it has already been ruled upon adversely to the Petitioner by the Court of Appeals for the Ninth Circuit. Great weight, however, must be given to the reasoning and determination of both the trial court and the appellate court.

In so examining all the relevant evidence, this Court concludes that there was a legal seizure of Exhibit 14. The question whether there had been a timely motion to suppress Exhibit 14 is not material as the legality of the seizure has previously been decided on the merits by the trial court and the Court of Appeals.

This Court therefore concludes that there are no grounds to criticize the competency of trial counsel, Morton Galane; by his background, training, experience and actual effort he made a most diligent, vigorous, and professional defense for Petitioner.

b. The Court finds further that the defense put on by Attorney Galane on the Petitioner's behalf did not deprive Petitioner of effective counsel. The record is clear that the defense that was used was a deliberate and calculated strategy to best take advantage of what the defense thought were weaknesses in the Government's case. In looking at what appeared to counsel at the time of trial, and not as it appears now using hindsight, this Court finds no grounds to criticize the trial strategy of Attorney Galane. Quite to the contrary, his counsel was adequate, his professionalism was of the highest, and his devotion to duty to Petitioner was most noble.

c. By the testimony of Morton Galane, it is clear that John Holden was in the employ of Attorney Galane. Holden was invited by the trial judge to sit at counsel table, and he did so. This Court finds that there was no abdication of authority by Galane to Holden as trial counsel.

## II. PETITIONER'S CONVICTION WAS NOT BASED UPON ILLEGALLY OBTAINED EVIDENCE.

As this matter has already been discussed, it will not be here repeated. Suffice it to say that this Court is in agreement with the trial court and the Court of Appeals for the Ninth Circuit that there was a constitutionally valid seizure of Exhibit 14.

For the foregoing reasons, this Court finds that Petitioner is not entitled to relief.

Therefore, it is hereby ordered that the Motion to Set Aside, Vacate, or Correct Sentence be, and the same is, denied, confirming and reaffirming the oral order issued from the Bench at the full day hearing on March 10, 1971, and after fully considering not only the evidence and points and authorities presented on behalf of the parties before and at said hearing, but also after fully considering the additional points and authorities entitled "HEARING MEMORANDUM" submitted on behalf of Petitioner and filed with the Court on March 15, 1971.