[Crim. No. 104.   Second Appellate District.—November 13, 1908.]

## THE PEOPLE, Respondent, v. GEORGE W. CHARLES, Appellant.

CRIMINAL LAW—INSTRUCTION—POWER TO PRODUCE OR CONTRADICT EVIDENCE—PREJUDICIAL ERROR.—An instruction to the jury in a criminal case that "evidence is to be estimated not only according to its own intrinsic weight, but also according to evidence which it is in the power of one side to produce and of the other to contradict; therefore if weaker or less satisfactory evidence is offered, when it appears that stronger and more satisfactory evidence was within the power of the party to produce, the evidence offered should be viewed with distrust," is prejudicially erroneous, when, in view of another instruction favorable to the prosecution in not being required to call all witnesses having knowledge of the case, the effect of the charge is to specifically direct the erroneous instruction toward the case of the defendant, in not having testified in his own behalf, or denied or explained the testimony for the prosecution.

ID.—ERROR NOT CURED—INSTRUCTION AGAINST "INFERENCE OF GUILT." The erroneous instruction is not cured by another instruction "that no inference of guilt can be drawn against him (defendant) for a failure to testify in his own behalf."

ID.—ALIBI—PROPER REFUSAL OF INSTRUCTION.—The court properly refused to instruct the jury as to a defense of alibi, where there was no testimony inconsistent with defendant's presence at the time when and the place where the offense alleged is shown to have been committed.

APPEAL from a judgment of the Superior Court of Imperial County, and from an order denying a new trial. Franklin Cole, Judge.

The facts are stated in the opinion of the court.

T. M. McNamara, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Defendant was informed against for the crime of robbery, which crime was shown to have been committed in El Centro, Imperial county, by the "holding up" of the keeper of a pool-hall in his place of business, about 11:30 o'clock P. M. of the night of March 11, 1908.

It is urged that the verdict of guilty and the judgment of the court resting thereon should be set aside and reversed because of the giving to the jury by the trial court of the following instruction: "Evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; therefore if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory evidence was within the power of the party to produce, the evidence offered should be viewed with distrust"; the defendant not having testified in his own behalf, or introduced any evidence in direct denial or explanation of the testimony of the prosecution.

The contention of the appellant is clearly sustained by the decision in *People* v. *Cuff*, 122 Cal. 589, [55 Pac. 407], where the same instruction was given and held to be prejudicially erroneous. In that case the jury were also instructed that the neglect or refusal of the defendant to be a witness in his own behalf could not in any manner prejudice him, or be used against him on the trial or proceeding. The court's instruction in that case being in this respect substantially the same as that of the trial court in this, which was that "no inference of guilt can be drawn against him (defendant) for a failure to testify in his own behalf."

In both cases, the vice of giving the instruction complained of was due to the fact that the defendant did not go upon the witness-stand in his own behalf. In the opinion in the Cuff case the attention of trial courts is called to the danger of giving instructions in criminal cases based upon subdivisions 4, 6 and 7 of section 2061 of the Code of Civil Procedure, which section by its terms limits such giving to "proper oc-

casions." It is said: "In criminal cases the proper occasions are so few, and the improper occasions are so many, that it were best they should be given rarely, if at all."

While it is true that in respect to some instructions based upon certain of the subdivisions of this section, the supreme court has, in later cases, declared them to be mere commonplace matters that jurors would be presumed to know about and act upon in the absence of such instruction, the court has gone no further than to say that the giving or refusal of such instructions will be held to be ground for reversal only where prejudicial to the defendant's case. In just such a case as this, however, that court has declared the instruction here under consideration to be prejudicially erroneous. We can, therefore, find no ground upon which to sustain the attorney general's attempt at distinguishing the case of *People* v. *Cuff* from that at bar. Indeed, we are inclined to the view that taking into consideration instruction XIV, given by the trial court in this case, which is as follows: "The court instructs the jury that the prosecution is not required to call as its own witnesses all persons who were shown to have knowledge of the case," the effect of the entire charge of the court was to specifically direct the erroneous instruction toward the defendant's case, thus rendering the error in the case at bar more prejudicial than it was in the Cuff case.

The refusal of the court to give the instructions based upon a defense of an alibi was not error. Neither of the two witnesses called on behalf of the defendant pretended to testify to his whereabouts at the time of the commission of the offense. The theory of the prosecution and all its evidence tended to show the offense was committed about 11:30 P. M. One of the witnesses for defendant saw him last before this time at ten or fifteen minutes after 10 o'clock, and the other at half-past 8 or 9; the latter seeing him again when he came to bed, but without knowledge of the time. The circumstances of the transaction show that, accepting the testimony of both these witnesses as true, the defendant might still have been at the place of the commission of the offense at the time shown by the people's case.

The other specifications of error are not well taken, and no good purpose can be served by considering them in detail.

The giving of the instruction first above mentioned was reversible error, and for this reason, the judgment and order are reversed and the cause remanded for a new trial.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 12, 1909.