Argued July 7, affirmed September 26, rehearing denied November 14, 1922.

## STATE v. FRASER.

(209 Pac. 467.)

**Corporations—President of Corporation Subject to Indictment Under Blue Sky Law.**

1. . Under the Blue Sky Law, defining dealers in securities as persons engaged in selling securities at a profit or on commission, and corporations offering their own securities for sale, and Sections 1458, 2370, Or. L., abolishing the distinction between principals and accessories before the fact in felonies, the president of a corporation acting jointly with it in offering its securities for sale is subject to indictment and punishment.

**Corporations—Capable of Committing Offense Under Blue Sky Law.**

2. A corporation is capable of committing the crime of selling and offering securities for sale as a dealer without complying with the Blue Sky Law.

**Criminal Law—One Who cannot Himself Commit a Crime may by Aiding and Abetting One Within the Statute Render Himself Liable.**

3. Under Sections 1458 and 2370, Or. L., abolishing the common-law distinctions between principals and accessories before the fact in felonies, one who cannot alone commit a crime defined by statute may, by aiding and abetting one within the class against which the statute is directed, render himself criminally liable though the statute does not in express terms extend to persons not within such class.

**Indictment and Information—Indictment of Aider and Abettor may Charge Him as Principal or Set Out Facts as They Occurred.**

4. Under Sections 1458 and 2370, Or. L., an indictment for aiding and abetting another in the commission of a crime may, at the

1. Interpretation and effect of Blue Sky Law designed to regulate the sale of corporate securities, see notes in Ann. Cas. 1916A, 706; Ann. Cas. 1917C, 650; 15 A. L. R. 264.

election of the pleader, charge accused directly as principal, or set out the facts constituting the offense as nearly as may be precisely as they occurred.

Licenses — Evidence of Actual Sales Admissible Under Blue Sky Law, and Evidence That Sales were not Made at Profit Inadmissible.

5. On trial of the president of a corporation for aiding and abetting it to sell its own stock without complying with the Blue Sky Law, evidence of actual sales was admissible to prove that it was offering its stock for sale, and thereby became a dealer within the statute, and evidence that such sales were made without profit to defendant would have had no tendency to disprove this fact, and was inadmissible.

Criminal Law — Instruction Requested by Defendant, and not Excepted to, cannot be Complained of.

6. Defendant cannot complain of an instruction requested or suggested by him, and to which no exception was taken or allowed.

Criminal Law—On Trial Under Blue Sky Law Instruction Intimating That Element of Profit was Involved Held Favorable to Defendant.

7. On the trial of the president of a corporation for aiding and abetting it to sell its stock without complying with the Blue Sky Law, as it was immaterial whether any profit was made upon actual sales, an instruction intimating that the element of profit was involved was favorable to defendant, rather than to his prejudice.

From Multnomah: W. N. GATENS, Judge.

In Banc.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. John C. McCue.*

For respondent there was a brief over the names of *Mr. Stanley Myers,* District Attorney, *Mr. Joseph L. Hammersley,* Deputy District Attorney, and *Mr. Wm. H. Hallam,* Deputy District Attorney, with an oral argument by *Mr. George Mowry,* Deputy District Attorney.

McCOURT, J.—This appeal is prosecuted by the defendant from a judgment of conviction upon an indictment charging defendant with a violation of

the statute known as the Blue Sky Law (Sections 6838–6854, Or. L.).

The indictment charged that defendant was president of a corporation organized under the laws of the State of Washington, known as Your Transportation Lines, Inc.; that on the eleventh day of November, 1920, the corporation was doing business in Multnomah County, Oregon, and was then and there offering, and did then and there offer, for sale to the public its own securities, to wit: certain of the capital stock of the corporation, which stock was owned by it, thereby constituting the corporation a dealer in said stock; that the corporation, being a dealer in said stock, and as such dealer, and the defendant, for and in behalf of the corporation, acting jointly and together, did, on the date above set forth, offer for sale to one George Breckler 300 shares of the capital stock of the corporation, all of which stock was owned by the corporation and was to be thereafter issued; and that there had not been filed with the Corporation Commissioner at or prior to offering the stock for sale, as aforesaid, the information and data (specifically set forth in the indictment) required by Section 6839, Or. L.

Defendant interposed a demurrer to the indictment, one of the grounds of which was that the offense charged in the indictment could be committed only by the corporation, and therefore the indictment failed to state a crime against the defendant.

The statute provides that "no dealer shall in this state offer for sale * * any corporate securities * * unless prior thereto there shall have been filed with the corporation commissioner * * * " specified documents, data and information, showing the worth of the corporation, the character and purpose of the securities it is proposed to issue and sell, and the rep-

resentations that will be made to effect sales: Section 6839, Or. L.

There are two classes of dealers included in and defined by the statute (Section 6838, Or. L.):

1. " * * every person, partnership, corporation, or association which is now engaged, or which shall hereafter engage, in the selling to others at a profit or on commission, * * any stocks, bonds, notes, contracts or other securities of whatsoever kind or character: * * "

(2) " * * any partnership, domestic corporation, foreign corporation doing business within this state, or association which shall hereafter offer its own securities for sale to the public * * ."

In support of his contention that the indictment fails to charge him with a crime, defendant points out that the facts set forth in the indictment did not constitute defendant a dealer within either of the above definitions, and further that the indictment did not charge that the defendant acted in the capacity of a dealer in offering the stock for sale.

1. The allegations of the indictment clearly described the corporation, of which defendant was president, as a dealer of the second class defined by the statute, and also charged noncompliance with Section 6839, Or. L., and that the corporation, as such dealer, and the defendant for and in behalf of the corporation, acting jointly and together, offered for sale certain of the capital stock owned by it, and thereafter to be issued.

Clearly the indictment sufficiently charges the corporation with a violation of the statute; in addition thereto it was alleged that the defendant actively participated in the commission of an act that the corporation was prohibited from doing in its alleged character of a dealer.

The criminal liability fixed by statute purports to include only the corporation, which, without compliance with the statute, offers its own securities for sale to the public; no reference is contained in the statute to officers, agents or others acting for, or in behalf of, or jointly with, the corporation in making such offers of sale.

2. A corporation is capable of committing the crime defined and made punishable by the statute: *State v. Ross,* 55 Or. 450, 466 (104 Pac. 596, 42 L. R. A. (N. S.) 601); 14A C. J. 871, 872; 7 R. C. L. 764, 768.

3. Sections 1458 and 2370, Or. L., abolish the common-law distinctions between principals and accessories before the fact in felonies, and provide that all persons concerned in the commission of a crime, whether they directly commit the act constituting the crime, or aid and abet in its commission, though not present, must be indicted, tried and punished as principals.

By virtue of the last-mentioned sections of the statute, a person who cannot alone commit a crime defined by statute, may by aiding and abetting a person within the class against which the statute is directed, render himself criminally liable and subject to the punishment prescribed by the statute, even though such penal provisions do not, in express terms, extend to persons not within the class of those by whom the crime may be directly committed: *State v. Ross,* 55 Or. 450, 465, 466 (104 Pac. 596, 106 Pac. 1022, 42 L. R. A. (N. S.) 601); *State v. Case,* 61 Or. 265 (122 Pac. 304); *Quillin v. State,* 79 Tex. Cr. Rep. 497 (187 S. W. 199, 5 A. L. R. 73 and annotation, p. 782); *State v. Elliott,* 61 Kan. 518 (59 Pac. 1049); *People v. McKane,* 143 N. Y. 455 (38 N. E. 950); *United States v. Van Schaick,* 134 Fed. 592; *State v. Rowe,* 104 Iowa, 323 (73 N. W. 833).

Defendant demurred to the indictment upon the further ground that it does not substantially conform to the requirements of criminal pleadings, as prescribed by the Code, in that the indictment charges the defendant as an accessory before the fact, rather than as a principal. Defendant contends that Section 1458, Or. L., wherein it is declared that "all persons concerned in the commission of a felony, * * must * * be indicted, tried, and punished as principals, as in the case of a misdemeanor," establishes a rule of criminal pleading that requires the accused in all cases to be charged directly as a principal, and in support of that contention, defendant cites: *State v. Kirk,* 10 Or. 505; *State v. Moran,* 15 Or. 262, 275 (14 Pac. 419); *State v. Steeves,* 29 Or. 85 (43 Pac. 947); *State v. Branton,* 33 Or. 533 (56 Pac. 267).

4. The cases cited do not support defendant's contention. The decisions in those cases hold that an indictment is sufficient which charges a defendant directly with the commission of acts constituting a felony, though such defendant in fact aided and abetted another in the commission of the offense charged. The sufficiency of an indictment that sets out the transaction according to its outward form is not discussed or passed upon in any of the cited cases.

Where a person is proceeded against for aiding and abetting another in the commission of a crime, the provisions of Sections 1458 and 2370, Or. L., render it admissible, at the election of the pleader, to charge the accused directly as a principal, or to set out the facts constituting the offense as nearly as may be, precisely as they occurred: Bishop's New Criminal Procedure, Vol. 1, §§ 332–335; Bishop's New Criminal Law, Vol. 1, §§ 682, 685; *State v. Glein,* 17 Mont. 17 (41 Pac. 998, 31 L. R. A. 294); *People v. Rozelle,* 78

Cal. 84, 88 (20 Pac. 36); *Territory* v. *Guthrie,* 2 Idaho, 432, 435 (17 Pac. 39).

The statutes of Montana are substantially the same as Sections 1458 and 2370, Or. L. In the case of *State* v. *Glein, supra,* the court said:

" * * * We see no objection to the form of an information charging a person as an accessory rather than as a principal. To so charge is to the advantage of a defendant, because it notifies him of the attitude which the state will assume when the case is brought to trial, by setting out the facts constituting the offense with greater certainty than is requisite where an accessory is indicted as a principal."

The California statute is in effect the same as the Oregon statute. In the case of *People* v. *Rozelle, supra,* the court, following earlier decisions to the same effect, said:

" * * * one who, at common law, would have been guilty as an accessory is, under the statute, guilty as a principal. This being the case, an information which states facts sufficient to constitute a defendant an accessory at common law shows him to be guilty as a principal under the statute. Therefore, to allege such facts as would have been sufficient to show his guilt as an accessory, at common law, is to charge him 'as a principal' under the statute."

It follows that the court did not commit error in overruling defendant's demurrer to the indictment or in denying his motion for a directed verdict, which motion was based upon the grounds set forth in the demurrer.

The state called a number of witnesses, each of whom testified in substance that he had gone to the office of the corporation, in response to an advertisement in the "Oregonian," wherein it was stated that by an investment of $500 in the stock of Your Transportation Lines, Inc., the purchaser would secure a

position with the concern at $150 per month; that
he purchased stock in the corporation, and that some
of the negotiations leading up to such purchase were
had with the defendant.

This evidence was offered by the state to support
the material allegation of the indictment to the effect
that the corporation, at the time of the offense, was
offering certain of its capital stock for sale to the
public, and thereby became a dealer within the mean-
ing of the statute.

The defendant offered to testify and to show by
the books of the corporation, and by an auditor who
had examined the books, that none of the sales of
stock testified to by witnesses for the state were made
for profit or on commission, and that defendant re-
ceived no profit or commission on any of the sales
made by him or by the corporation. The court, upon
objections by the state, refused to admit the proffered
evidence, which action of the court defendant assigns
as error.

5. As above stated, the evidence of actual sales was
introduced to prove that the corporation was offering
its stock for sale to the public. The evidence was
competent and material for that purpose. Evidence
that such sales were made without profit to defendant
would have no tendency to prove that the general
offer of sale to which the purchasers responded was
not made to the public, and the exclusion of that evi-
dence was not error.

6. Defendant further complains that "the court
erred in instructing the jury relative to their finding
of sales for profit or on commission." In its instruc-
tions, the court for the information of the jury,
without explanation defined the word "dealer" by
reading Section 6838, Or. L. Thereafter the court
attempted to define the word "profit," and in that con-

nection adopted and gave to the jury the definition suggested by counsel for defendant. Defendant cannot complain that the court gave an instruction requested or suggested by defendant. Besides, the error assigned is not available to defendant as no exception was taken or allowed to the instruction so given.

7. Moreover, as before stated, it was not material whether any profit had been made upon actual sales, either by defendant or by the corporation, and any instruction intimating that the element of profit was involved was favorable to the defendant, rather than to his prejudice.

We find no prejudicial error occurring upon the trial, and accordingly the judgment of the Circuit Court is affirmed.    AFFIRMED.    REHEARING DENIED.

BROWN, J., took no part in the consideration of this case.