Argued September 20, affirmed November 8, 1956

# STATE OF OREGON *v.* PATTON
## 303 P. 2d 513

*Laurence L. Morley,* Lebanon, argued the cause for appellant. On the briefs were Morley & Thomas, Lebanon, and Weatherford & Thompson, Albany.

*Courtney R. Johns,* District Attorney, Albany, argued the cause and filed a brief for the respondent.

PERRY, J.

The defendant was convicted of armed robbery, and appeals.

The defendant, in effect, offered no evidence, and he states the court erred in instructing the jury as follows:

"Evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is within the power of one side to produce and of the other side to contradict; and if weaker and less satisfactory evidence is offered when it may appear to the jury that stronger and more satisfactory evidence was within the power of the party to produce, then the evidence offered should be viewed by you with distrust."

The defendant asserts the giving of this instruction was a comment upon his failure to testify on his own behalf and violated the constitutional right given him

against self-incrimination under Article I, § 12, of the Oregon Constitution. Reliance is placed upon the California decisions *People v. Cuff,* 122 Cal 589, 55 P 407, and *People v. Charles,* 9 Cal App 338, 99 P 383. In each of these cases an instruction identical with the one above set out was given by the trial court, and it was held to be erroneous, requiring a reversal of the conviction.

The reasoning of the California courts requiring reversal is set forth in *People v. Cuff,* supra, at page 591, as follows:

"* * * The aforesaid section of the code declares that the principles stated in the various subdivisions thereof may be given by the court to the jury upon all proper occasions. In criminal cases the proper occasions are so few and the improper occasions are so many that it were best that they should be given rarely, if at all. The instruction given in this case fully and fairly illustrates the danger suggested. Let us consider one objection to it. Here there is no suggestion whatever in the record that any important witness could have been produced by the defendant before the jury and was not produced. Under such circumstances, certainly the occasion was not a proper one upon which to give the instruction. But, upon the other hand, the defendant did not take the witness stand, and the practical application of the instruction necessarily points to that fact as a strong circumstance to be taken against him. To the ordinary mind there seems to have been no other reason or purpose in the giving of the instruction. Yet a defendant has the constitutional right to stand mute and demand that the prosecution prove a case against him beyond a reasonable doubt. (People v. Streuber, 121 Cal 431.)"

■ The instruction given is cautionary and refers solely to evidence introduced into the case. It advises

the jury that in weighing the evidence which has been offered in the case by a party they may be distrustful of that evidence given if they believe the party offering such evidence could have produced or presented stronger or more satisfactory evidence upon the subject. The instruction in nowise comments upon the weight to be given evidence not introduced, nor the failure to produce any evidence at all. If this instruction stood alone perhaps credence could be given the reasoning of the California court. However, the instructions in a case are to be considered and construed as a whole and any erroneous impression that might be gathered from the giving of the instruction could not, in our opinion, mislead a jury into believing the defendant is required to take the witness stand or produce any evidence when the court instructs as the court did here, that "The defendant is not required to prove or disprove any facts alleged in the case, but the burden of proof rests upon the State to prove the truth of the charge as read in the indictment beyond a reasonable doubt." This instruction clearly told the jury that the defendant was not required to prove or disprove anything, but that the burden of establishing the truth of his commission of the crime lay wholly with the state.

While the instruction excepted to is not erroneous, and is authorized on all "proper occasions" by ORS 17.250, we are of the opinion that in a criminal case caution should be exercised in giving this instruction, unless it is limited to the evidence offered by the state. *State v. Thompson,* 203 Or 1, 278 P2d 142.

■ No exception was taken upon the ground that the instruction was abstract.

■ The defendant's second assignment of error complains of the following instruction given by the trial court:

> "When an assault with an intent to rob is made by threatening the intended victim with a firearm at close range, the jury may infer that the weapon was loaded."

The defendant states that this is a comment upon the evidence to the effect that an assault had actually been made. The assignment is without merit.

The trial court, in the instruction complained of, does not in anywise tell the jury an assault with intent to rob has been committed, but only states that as an abstract proposition the law permits an inference to be drawn that a firearm is loaded whenever a firearm is used as a threat in close proximity of another person during an assault or robbery. *State of Oregon v. Lanegan,* 192 Or 691, 703, 236 P2d 438.

■■ The defendant also assigns as error the failure of the trial court to grant his motion for a new trial. This assignment of error is based upon the failure of the trial court to instruct the jury to the effect that the defendant's failure to testify could not be considered as an inference of his guilt. Such an instruction is proper and should always be given when requested, but, since it was not requested at the time of trial, any claimed error was waived. *State v. Magers,* 36 Or 38, 53, 58 P 892.

We are of the opinion that the record is free from prejudicial error.

The judgment is affirmed.

ROSSMAN, J., dissenting.

Referring to the jury, ORS 17.250 says:

"* * * They are, however, to be instructed by the court on all proper occasions:

"* * * * * *

"(6) That evidence is to be estimated, not only by its intrinsic weight, but also according to the evidence which it is in the power of one side to produce and in the other to contradict; and therefore,

"(7) That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust."

In this case, the trial judge read to the jury those two subdivisions of our laws. The defendant duly excepted to that action. Since ORS 17.250 says that the instructions proposed by it shall be given upon "proper occasions," the problem presents itself: Did this case constitute a proper occasion for giving those instructions. I add that the trial judge did not indicate to the jury that the defendant had a lawful right to refrain from testifying, nor did he tell the jury that no inferences adverse to the defendant could be drawn from his election to remain mute.

It will be observed that subsection (7) is in the nature of an admonition. It calls attention to a prima facie fault in the evidence of the party who presented "weaker and less satisfactory evidence" when he had at his command something better. It cautions the jury to be circumspect before it accepts as truthful evidence presented by that party. Subsection (7) is in truth comment upon the evidence, but, since the statute authorizes it, no error is committed when the statutory mandate is met, provided the occasion is a proper one.

The district attorney's brief, in an effort to show that the challenged instructions were not erroneous, states:

"In the instant case, since it is clear the instructions could only be applied to the prosecution, and since the defendant's counsel clearly invited the court to give the instruction, the instruction was a proper one and not misleading or injurious, and therefore not erroneous or prejudicial."

It will be observed that the district attorney, referring to the challenged instruction, says, "the instruction could only be applied to the prosecution." I am aware of no basis for that statement. Although the district attorney must be intimately familiar with the evidence which he presented, his brief does not single out any feature of his case wherein he presented "weaker and less satisfactory evidence" where "stronger and more satisfactory" was available to him. I have read every word of the transcribed evidence without discovering any situation which called for an admonition that if "weaker and less satisfactory evidence" was presented by either party, who had at his command "stronger and more satisfactory  *  *  *, the evidence offered should be viewed with distrust."

Obviously, subsection (7) should not be read to the jury as a matter of rote, but only for the purpose of giving the triers of fact a rule which experience commends as useful in scrutinizing the evidence and aiding in the discovery of the truth. The statute, as we have seen, says that the instruction shall be given upon "proper occasions" only. Since the statute and good sense place that limitation upon the use of the instruction, the trial judge, in his efforts to detect the "proper occasions," must follow with care the evidence produced by the parties, and if he observes that neither

side has presented "weaker and less satisfactory evidence" than was available, he should not give the instruction. Normally, it should be given only in the event that one side or the other has presented "weaker and less satisfactory evidence" when "stronger and more satisfactory evidence" was within its control. Generally, whether the instruction should be given can be determined only by determining (a) did either party produce weaker and less satisfactory evidence, (b) does the record show that stronger and more satisfactory evidence was available, and (c) was the party who offered the weaker and less satisfactory evidence in control of the stronger and more satisfactory.

Very likely it occasionally develops that the trial judge himself cannot be certain that "stronger and more satisfactory evidence" is within the power of the party who produced the "weaker and less satisfactory evidence." In such instances, the judge, if requested to give subsection (7), may be compelled to submit the fact issue to the jury. Arbitrary action, clearly, is not permissible.

I am satisfied that the district attorney's contention that the instruction was applicable only to the state's case is lacking in merit.

It will be observed that the second premise upon which the district attorney seeks to sustain the validity of the challenged instruction is this: "The defendant's counsel clearly invited the Court to give the instruction." The record fails to support that charge. The district attorney claims that the purported invitation to give the instruction was made by counsel for the defendant while he was arguing the case to the jury. The arguments that were made do not appear in the bill of exceptions and are, therefore, not a part of the record. Accordingly, we can give no heed to the jury

arguments for the very good reason that they are not before us.

From the above it is seen that both of the efforts made by the district attorney to support the challenged instruction fail. I conclude that error was committed when the challenged instruction was given to the jury. The question now arises, was the error prejudicial.

Plainly, every instruction given to the triers of fact is intended to have an effect upon the jury's deliberations. That is especially true since the instruction under review was deemed sufficiently important that the legislature drafted it and commanded that it be given upon all "proper occasions."

The following is taken from Wigmore on Evidence, 3d Ed, pp 426-7, § 2273:

"The principle has been already examined (ante, §§ 285-291) that a party's failure to produce evidence which, if favorable, would naturally have been produced, is open to the inference that the facts were unfavorable to his cause.

"One application of this principle (ante, § 289) is that the *party's failure to testify in his own behalf* is equally open to that inference. This specific application of it is obviously (as just noted in § 2273) in conflict with the privilege against self-crimination.

"But the other applications of it remain in full force. It is therefore necessary to draw the line between the two, and to determine the boundary of the prohibited inference. No Court has doubted that such a boundary must be recognized:

"1850, Shaw, C. J., in *Commonwealth v. Webster,* 5 Cush. 295, 316: 'When pretty stringent proof of circumstances is produced, tending to support the charge, and it is apparent that the accused is so situated that he could offer evidence of all the facts and circumstances as they existed, and show, if such was the truth, that the suspicious circumstances can be accounted for consistently with in-

nocence, and he fails to offer such proof, the natural conclusion is that the proof, if produced, instead of rebutting would tend to sustain the charge. But this is to be cautiously applied, and only in cases where it is manifest that proofs are in the power of the accused not accessible to the prosecution.' "

From (1) the quotation just made and (2) the fact that neither party produced weaker evidence when stronger was at its avail it is apparent that the ordinary juror, untrained in the law, could have thought that the instruction, which is the framework of subsection (7), was applicable to the defendant's failure to have taken the witness stand or his failure in some other way to have produced testimony.

When the instruction which constitutes subsection (7) was given, the trial judge did not state that it was applicable only to this side or that side of the case. Nor did he state that the defendant could lawfully remain mute and that subsection (7) had no bearing whatever upon that fact. It is true that the defendant did not formally present a requested instruction upon his election to refrain from testifying, but the case clearly called for an instruction of that kind. The trial judge should give to the jury the instructions which are plainly called for whether requested or not. 23 CJS, Criminal Law, § 1189. Society has an interest in the punishment of the guilty, but an even greater one in the acquittal of the innocent, and instructions which, obviously, are needed to serve those ends must be given.

The majority seeks to sustain the challenged instruction by resorting to the following, which they take from the instructions given upon the subject of burden of proof:

"The defendant is not required to prove or disprove any facts alleged in the case, but the burden

of proof rests upon the State to prove the truth of the charge as read in the indictment beyond a reasonable doubt."

Instructions of like kind are given to all juries in both civil and criminal cases, but they govern the burden of proof and are not concerned with the quality of the evidence nor with inferences which may be drawn from the fact that a party withholds superior evidence but presents inferior. If the fact that the judge instructs upon the burden of proof cures all defects which arise from his error in reading subsection (7) to the jury, then we will have to revise ORS 17.250 by substituting for the words "on all proper occasions" the words "if he instructs upon the burden of proof." Nor will it do to say that, since subdivision (7) of ORS 17.250 is a part of our enacted laws, therefore, it can never be error to read it to the jury. There are thousands of correct principles of law which can be found in the books, but no one would claim that a reading of any of them to a jury would be free from error unless the principle thus read was applicable to the issues and not likely to mislead.

In the administration of justice and the conduct of trials, the law must be practical and take into account the objectives for which laws are enacted. The wisdom which is found in subsections (6) and (7) of ORS 17.250 is not a creation of the law, but of common experience. Its usefulness is not limited to the courtroom, but practical sense of a corresponding nature is employed in many transactions that take place in everyday life. A means must be found of rendering that wisdom available to the jury without enmeshing the trial in difficult rulings. A trial judge cannot always be certain whether the situation reveals that inferior evidence was presented by a party who had at his command

superior. Since the jury, more than he, is concerned with the evidence and the witnesses, it may gain a better impression than the judge of the quality of the evidence and the ability of the parties to produce something better. I know of nothing to prevent a judge, who entertains a justifiable doubt upon those subjects, from giving the instruction under scrutiny, accompanied with an admonition that the jury can view the evidence produced by a party with misgivings only in the event that it finds that the party could have presented better evidence. But, in dealing with subdivisions (6) and (7) in that manner, the trial judge should be careful that he does not mislead the jury into a belief that the election of a defendant to remain mute can be charged against him. If the trial judge entertains a reasonable doubt as to whether or not either party presented inferior evidence when he had control over superior, and gives to the jury cautionary instructions, the situation is a proper occasion for giving subdivisions (6) and (7) of ORS 17.250.

Under the circumstances above disclosed, I am satisfied that the assignment of error discloses, not only error, but prejudice. I, therefore, dissent.