Argued June·18, reversed and remanded for a new trial
July 14, 1975

STATE OF OREGON, *Respondent, v.* WALLACE
HALE (No. C-74-11-3476), *Appellant.*

537 P2d 1173

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

## SCHWAB, C. J.

■ Defendant was convicted by a jury of rape. ORS 163.375. Defendant did not testify. His principal assignment of error is the trial court's failure to give defendant's requested instruction to the effect that failure of defendant to testify did not raise any presumption or inference of guilt. The state does not challenge the form of the requested instruction or the timeliness of the request, but contends only that Oregon law does not require such an instruction be given on request by a defendant. The state argues that the following from *State of Oregon v. Patton,* 208 Or 610, 303 P2d 513 (1956), is "mere dictum."

"* * * This assignment of error is based upon the failure of the trial court to instruct the jury to the effect that the defendant's failure to testify could not be considered as an inference of guilt. Such an instruction is proper and should always be given when requested * * *." 208 Or at 614.

Suffice it to say that from our vantage point the "dictum" appears exceedingly firm. We agree with defendant on this issue.

■ In a second assignment of error defendant contends that the trial court erred in receiving into evidence over defendant's objection a police report reciting among other things that defendant had previously served time in prison for burglary. Defendant's contention is correct. While other portions of the police report may have been material and admissible, the portion about a previous burglary conviction was neither. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975).

Reversed and remanded for a new trial.