# STATE OF OREGON, *Respondent,*
## *v.*
# EDWARD DILLON, *Appellant.*
## (No. 16-172, CA 4925)

546 P2d 1090

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

FOLEY, J.

## FOLEY, J.

Defendant was convicted of assault in the first degree, ORS 163.185, by jury and sentenced to 10 years' imprisonment. Defendant's first assignment of error is the refusal of the trial court to give his requested instruction[1] concerning his failure to testify. Instead, the court gave its own cautionary instruction in the following language:

> "Now, the defendant has pleaded not guilty to the offense charged and in this connection a plea of not guilty in a criminal action by a defendant traverses and denies every issue in the case, but it is not necessary for the defendant to make any further denial than his plea of not guilty and his silence thereafter must not be considered by you as an admission of any fact necessary to be proved and established by the State."

The trial court's instruction in lay language succinctly told the jury that it was not to consider the defendant's failure to testify as an assumption of any fact against him in connection with what the state was required to prove for conviction. We think this instruction adequately advised the jury that it was not to presume any fact against him by his failure to take the witness stand.[2]

---

[1] "You are instructed that every defendant in every criminal case has an absolute right to not testify. In a criminal case, the entire burden of proving its case rests on the State, and a defendant's choice not to testify cannot be used to bolster or detract from the State's case.

"In this trial, the defendant has chosen not to testify. There are many possible reasons for this choice which are not relevant to guilt or innocence. I, therefore, instruct you that you may not make an inference, favorable or unfavorable, from the defendant's choice. You must not consider that choice at all in your deliberations on this case."

The form of this instruction is subject to criticism. It is repetitive of the burden of proof instruction, abstract in part and borders on being a comment on the evidence.

[2] In *State v. Patton,* 208 Or 610, 614, 303 P2d 513 (1956), in dictum our Supreme Court stated that an instruction "to the effect that defendant's failure to testify could not be considered as an inference of his guilt" should always be given if requested. This court, in *State v. Hale,* 22 Or App 144, 537 P2d 1173 (1975), where the form of the requested instruction was not

Defendant's other assignment of error involved the court's instructing the jury on first degree assault. The pertinent statutes provide:

"A person commits the crime of assault in the first degree if he intentionally, knowingly or recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life." ORS 163.185(1).

" 'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." ORS 161.015(7).

Defendant contends that the victim's injury in this case was not a "serious physical injury," as defined in ORS 161.015(7), and thus that the instruction on first degree assault should not have been given.

The evidence was that the victim, a young man, was struck by a .22 caliber bullet fired by defendant from a rifle as the victim sat in his pickup automobile in front of a residence frequented by defendant. The bullet hit the victim on the right forehead just behind the eyebrow. Before hitting him, apparently the bullet had been spent somewhat by penetrating the window glass of the automobile. It produced a half-inch laceration along the outer portion of his eyebrow. After penetrating the skin, the major fragment of the bullet came to rest in tissue about an inch from the laceration. The victim drove immediately to the hospital in Hillsboro, where a doctor probed unsuccessfully for the piece of lead, after which, as the victim testified, he received "A band-aid and a stitch * * *." Because of the pain associated with probing for the fragment, the victim at trial testified he had decided not to have the object removed. Asked if it presently bothered him, the witness responded, "Well, I really can't say * * *." The state concedes that there was no medical testimony or

challenged, followed the dictum and concluded that such an instruction should be given if requested. In neither case was the suggested form of the instruction which should be given commented upon.

other evidence that the injury created a substantial risk of death. Neither was there evidence of serious and protracted disfigurement or protracted loss or impairment of the function of any bodily organ. The state contends, however, that there was evidence of protracted impairment of health within the "serious physical injury" definition.

The only medical testimony bearing on this issue was the testimony of Dr. Haslinger, a radiologist, who stated that the foreign object, being outside the skull, would not be hazardous to the brain, "but it may be to nerves or arteries adjacent to it at that site." We do not find the doctor's "may be" testimony sufficient to support "protracted impairment of health" as claimed for it by the state. Neither does the victim's tacit denial that he was presently bothered by the foreign object support the state's contention.

We conclude, however, that the jury's verdict included the elements necessary to find the defendant guilty of the crime of second degree assault.

ORS 163.175 provides, in part:

"(1) A person commits the crime of assault in the second degree if he:

"* * * * *

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon * * *"

Under the statute, if a deadly weapon is used in the assault, the state is required to prove only "physical injury." ORS 161.015(6) provides:

" 'Physical injury' means impairment of physical condition or substantial pain."

The jury necessarily found that defendant caused physical injury to the victim with the dangerous weapon within the above definition which was the basis of a finding of first degree assault. In such a situation where the "* * * court shall be of opinion that it can determine what judgment should have been

entered in the court below, it shall direct such judgment to be entered * * *." Oregon Constitution, Art VII, § 3 (amend). We therefore remand the case for the entry of a judgment of guilty of assault in the second degree instead of first degree assault and for resentencing on that basis. *State v. Dazhan, Sears,* 15 Or App 300, 516 P2d 92 (1973); *State v. Mayo,* 13 Or App 582, 511 P2d 456, Sup Ct *review denied* (1973).

Remanded for entry of judgment and for resentencing.

LEE, J., dissenting.

Concerning defendant's first assignment of error, the majority has approved the trial court's instruction in pertinent part that:

> "* * * [H]is plea of not guilty and his silence thereafter must not be considered by you as an *admission* of any fact necessary to be proved and established by the State." (Emphasis supplied.)

Two of the dictionary definitions of "admission" are:

> "The granting of an argument or position not fully proved; a conceding.
>
> "Confession; acknowledgement; as, an *admission* of guilt." Webster's New Twentieth Century Dictionary 26 (unabridged 2d ed 1964).

The defendant's requested instruction in pertinent part was:

> "In this trial, the defendant has chosen not to testify. * * * I, therefore, instruct you that you may not make an *inference,* favorable or unfavorable, from the defendant's choice. You must not consider that choice at all in your deliberations on this case." (Emphasis supplied.)

One of the dictionary definitions of "inference" is:

> "Something inferred; a deduction; logical conclusion." Webster's New Twentieth Century Dictionary 938 (unabridged 2d ed 1964)

In *State of Oregon v. Patton,* 208 Or 610, 614, 303 P2d 513 (1956), which was primarily concerned with

other assignments of error, our Supreme Court stated (albeit dictum) that:

> "The defendant also assigns as error the failure of the trial court to grant his motion for a new trial. This assignment of error is based upon the failure of the trial court to instruct the jury to the effect that the defendant's failure to testify could not be considered as an *inference* of his guilt. *Such an instruction is proper and should always be given when requested,* but, since it was not requested at the time of trial, any claimed error was waived. *State v. Magers,* 36 Or 38, 53, 58 P 892." (Emphasis supplied.)

We relied on that language for reversal of a rape conviction in *State v. Hale,* 22 Or App 144, 537 P2d 1173 (1975).[1]

There is a substantial difference between using the defendant's silence as an *inference* of guilt and using the silence as an *admission* of guilt—a juror could do the former without doing the latter.

Accordingly, I would reverse and remand for a new trial.

---

[1] "Defendant was convicted by a jury of rape. ORS 163.375. Defendant did not testify. His principal assignment of error is the trial court's failure to give defendant's requested instruction to the effect that failure of defendant to testify did not raise any presumption or inference of guilt. The state does not challenge the form of the requested instruction or the timeliness of the request, but contends only that Oregon law does not require such an instruction be given on request by a defendant. The state argues that the following from *State of Oregon v. Patton,* 208 Or 610, 303 P2d 513 (1956), is 'mere dictum.'

" '* * * This assignment of error is based upon the failure of the trial court to instruct the jury to the effect that the defendant's failure to testify could not be considered as an inference of guilt. Such an instruction is proper and should always be given when requested * * *.' 208 Or at 614.

Suffice it to say that from our vantage point the 'dictum' appears exceedingly firm. We agree with defendant on this issue." *State v. Hale,* 22 Or App 144, 537 P2d 1173 (1975).