Argued July 19, reversed and remanded with instructions August 30, 1976

# STATE OF OREGON, *Respondent,*
## *v.*
# JOSEPH RAINWATER, *Appellant.*
## (Nos. CC-75-485 and CC-75-486, CA 5683)

553 P2d 1085

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

[ 593 ]

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

Defendant was indicted on two counts of attempted murder, ORS 163.115. He was convicted of assault in the first degree, ORS 163.185, but was acquitted of each count of attempted murder pursuant to his plea of not guilty by reason of mental disease or defect, ORS 161.295. On appeal, defendant contends that his conviction of the lesser included crimes of assault was improper in view of the court's specific finding that he lacked substantial capacity to appreciate the criminality of his conduct with respect to the greater crimes charged. The cause was tried to the court without a jury.

Defendant and his girlfriend resided in a two-family residence together with her brother and the latter's wife. On the day in question, defendant engaged in a heated argument with his girlfriend's brother about defendant's moving out of the shared residence. During the argument, defendant obtained and loaded a rifle, entered the brother's bedroom while both the brother and his wife were in the room, and intentionally fired a random shot which struck the patio doors but did not touch either of them. According to expert testimony, defendant then completely lost control of himself and shot the brother and the brother's wife several times. Somewhat miraculously, both survived.

The trial court found that defendant did not possess the specific intent to commit murder by virtue of mental disease or defect at the time of the actual shooting of either of the victims, but that at the time he fired the random shot he did have the requisite mental capacity and intent to commit the crime of assault in the first degree. ORS 163.185.

There is ample evidence, including expert psychiatric testimony, to support the conclusion that defendant had the requisite mental capacity and intent to commit an assault when he entered the bedroom and fired the first shot. Where, as here, the evidence provides a reasonable basis for a finding that a continuing course

of criminal conduct is divisible, a conviction for the initially committed offense is permissible even though a defendant may thereafter by reason of mental disease or defect lack the capacity to commit the remaining crime or crimes committed in the single uninterrupted sequence.

■  Here, however, defendant's initial action of firing the random shot cannot support an assault conviction because there is no evidence of "physical" injury to either victim as a result of that act. Under our statutes, all degrees of assault require that the wrongful conduct either "cause physical injury" or "cause serious physical injury." ORS 163.165,[1] 163.175,[2] 163.185.[3] In *State v. Dazhan, Sears,* 15 Or App 300, 516 P2d 92 (1973), we said in the course of a lengthy discussion of the assault statutes:

> "* * * As stated in the Proposed Oregon Criminal Code Final Draft and Report, 95-6, Commentary, Art 11, § 94 (1970):
>
>> " 'The proposed draft embodies a reorientation of

---

[1] ORS 163.165:

"(1) A person commits the crime of assault in the third degree if he:

"(a) Intentionally, knowingly or recklessly causes physical injury to another; or

"(b) With criminal negligence causes physical injury to another by means of a deadly weapon.

"(2) Assault in the third degree is a Class A misdemeanor."

[2] ORS 163.175:

"(1) A person commits the crime of assault in the second degree if he:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon.

"(2) Assault in the second degree is a Class B felony."

[3] ORS 163.185:

"(a) A person commits the crime of assault in the first degree if he intentionally, knowingly or recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life.

"(2) Assault in the first degree is a Class A felony."

present Oregon law. *It limits assault as a concept to the infliction of actual physical injury. * * ***

"'It is intended that an attempt to commit an assault is a lesser included offense and that the conviction will be for the attempt where it, but not the assault, is established by the evidence. (See §§ 54-56 *supra.*)' " (Emphasis supplied; footnote omitted.) 15 Or App at 305.

*See also: State v. Dillon,* 24 Or App 695, 546 P2d 1090 (1976); *State v. Mayo,* 13 Or App 582, 511 P2d 456, Sup Ct *review denied* (1973).

■ Because the evidence does provide a reasonable basis for dividing defendant's initial conduct in firing the random shot from the subsequent infliction of the physical injuries, and since that conduct can on the evidence clearly be found to constitute the lesser included offense (*State v. Washington,* 273 Or 829, 543 P2d 1058 (1975)) of menacing, ORS 163.190, or the lesser included offense of recklessly endangering another person, ORS 163.195, we vacate the judgments for first degree assault and remand the case for entry of an appropriate judgment consistent with this opinion and for resentencing pursuant thereto. Oregon Constitution, Art VII (Amended), § 3; *State v. Dazhan, Sears, supra; State v. Dillon, supra; State v. Zadina,* 1 Or App 11, 457 P2d 670 (1969).

Reversed and remanded with instructions.