Argued May 24, reversed September 24, reconsideration denied November 15, 1979, petition for review allowed January 3, 1980 (288 Or 253)

# STATE OF OREGON,
*Respondent,*

*v.*

# JEFFREY J. COHEN,
*Appellant.*

(No. 18-306 (78-8869), CA 12428)

600 P2d 892

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The defendant appeals his conviction of aggravated murder. He contends that the indictment charged him with felony murder, but was insufficient to allege aggravated murder.

■ An indictment for any crime must allege the elements of that crime. ORS 132.550(7) requires an indictment to contain:

> "A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended * * *."

This indictment charged:

> "That the above-named defendant(s) on or about the 2nd day of May, 1978, in Washington County, Oregon, did unlawfully and knowingly commit the crime of robbery, and in the course of and in furtherance of the said crime which the said defendant was committing, the said defendant did cause the death of another human being, to-wit: Donald V. Baune, by shooting him with a firearm, to-wit: a pistol * * *."

■ Felony murder and aggravated murder are distinct offenses with distinct punishments. The elements of the two crimes are the same except that aggravated murder requires one additional element: personal commission of the homicide.

The definition of felony murder is found in ORS 163.115(1)(b):

> "It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants."

Aggravated murder is defined in ORS 163.095(2)(d):

> "The defendant personally committed the homicide in the course or in the furtherance of the crime of robbery in any degree, kidnapping or arson in the first degree, any sexual offense specified in ORS chapter 163, or in immediate flight therefrom."

■ It is sufficient for a charge of felony murder to allege that the defendant was engaged in the commission of one of the specified felonies and that a homicide resulted. The indictment need not allege who actually did the killing because any participant in the felony may be charged with murder.

■■ In contrast, there is no vicarious liability for aggravated murder. Only the person who actually committed the homicide in the furtherance of or in flight from the felony has committed aggravated murder. An indictment for aggravated murder, therefore, must allege that the defendant personally committed the homicide. This indictment fails to do so. It is insufficient to put the defendant on notice that he must answer a charge of aggravated murder. Although sufficient to allege felony murder, it does not allege aggravated murder.

■ Because felony murder was alleged and the elements of that crime were necessarily found beyond reasonable doubt to have occurred, we do not reverse the judgment in its entirety. Rather, the judgment is reversed and remanded for modification of the conviction from aggravated murder to felony murder and for entry of a new sentence accordingly. *State v. Rainwater*, 26 Or App 593, 553 P2d 1085 (1976).

Reversed and remanded.

**SCHWAB, C. J.,** dissenting.

The indictment in pertinent part reads as follows:

"The above-named defendant(s) is/are[1] accused by the Grand Jury of Washington County by this indictment of the crime(s) of aggravated murder in Count I, murder in Count II * * *

"That the above-named defendant(s) on or about the 2nd day of May 1978, in Washington County, Oregon, did unlawfully and knowingly commit the crime of robbery, and in the course of and in furtherance of the said crime which the said defendant was committing, the said defendant did cause the death of another human being, to-wit: Donald V. Baune, by shooting him with a firearm, to-wit: a pistol,

### Count II

as an alternative means of committing the crime alleged in Count I, the above-named defendant on or about the 2nd day of May, 1978, in Washington County, Oregon, did unlawfully and intentionally cause the death of another human being, to-wit: Donald V. Baune, by shooting him with a firearm, to wit: a pistol
    " * * * * * "

I agree that if we look only to the body of Count I of the indictment, it suffers from the ambiguity discussed in the majority opinion. However, the indictment in its entirety resolves the ambiguity in favor of a clear and unequivocal charge that the defendant personally shot the decedent to death in violation of ORS 163.095 (aggravated murder).

I would affirm.

---

[1] The plural forms of the words were not deleted on the indictment.