Argued and submitted March 3,
reversed and remanded July 24, 1980

# STATE OF OREGON,
*Petitioner,*

*v.*

# JEFFREY J. COHEN,
*Respondent.*

## (CA 12428, SC 26553)

614 P2d 1156

Robert C. Cannon, Assistant Attorney General, argued the cause for petitioner. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Marianne Bottini, Deputy Public Defender, argued

the cause for respondent. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

Before Denecke, Chief Justice, and Tongue, Howell, Lent and Peterson, Justices.

HOWELL, J.

**HOWELL, J.**

The defendant was indicted for aggravated murder, ORS 163.095(2)(d), and murder under ORS 163.115(1)(b). In a trial before the court he was convicted of both charges. The Court of Appeals reversed the conviction on the ground that the indictment charging aggravated murder was insufficient. We granted the State's petition for review.

The indictment stated in pertinent part:

"State of Oregon, Plaintiff )
                                           ) INDICTMENT
              vs.          )
                                           ) ORS 163.095 - Count I
Jeffrey J. Cohen,     ) ORS 163.115 - Count II
                                           ) * * * * * *
     Defendant(s)   )

"The above-named defendant(s) is/are[1] accused by the Grand Jury of Washington County by this indictment of the crime(s) of aggravated murder in Count I, murder in Count II * * *, committed as follows:

"That the above-named defendant(s) on or about the 2nd day of May 1978, in Washington County, Oregon did unlawfully and knowingly commit the crime of robbery, and in the course of and in furtherance of the said crime which the said defendant was committing, the said defendant did cause the death of another human being, to-wit: Donald V. Baune, by shooting him with a firearm, to-wit: a pistol,

"               COUNT II

as an alternative means of committing the crime alleged in Count I, the above-named defendant on or about the 2nd day of May, 1978, in Washington County, Oregon, did unlawfully and intentionally cause the death of another human being, to-wit: Donald V. Baune, by shooting him with a firearm, to-wit: a pistol,

" * * * * * *."

---

[1] The plural forms of the words were not deleted on the indictment.

The majority opinion of the Court of Appeals held that Count I of the indictment alleging aggravated murder was deficient because it did not allege that the defendant "personally" committed the murder. The court then reversed the judgment of the trial court and remanded for modification of defendant's conviction from aggravated felony murder to felony murder and for entry of a new sentence.[2] 42 Or 297, 600 P2d 892 (1979). Chief Judge Schwab dissented, arguing that the indictment, in its entirety, clearly charges that the defendant personally shot his victim in violation of the aggravated felony murder statute.

Felony murder is defined in ORS 163.115(1)(b) as murder

"* * * committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants * * *."

Aggravated felony murder is defined in ORS 163.095(2)(d):

"The defendant personally committed the homicide in the course or in the furtherance of the crime of robbery in any degree, kidnapping or arson in the first degree, any sexual offense specified in [ORS ch 163], or in immediate flight therefrom."

Under ORS 132.550(7), an indictment must contain:

---

[2] Aggravated murder, under ORS 163.095, may be committed in several different ways. ORS 163.095(2)(d) describes what is commonly referred to as aggravated felony murder. Similarly, murder under ORS 163.115 may be committed in several different ways. ORS 163.115(1)(b) describes what is commonly referred to as felony murder.

"A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended; * * *."

Under ORS 132.540(3):

"Words used in a statute to define a crime need not be strictly pursued in the indictment, but other words conveying the same meaning may be used."

This court has stated that the objects of an indictment are (1) to inform the defendant of the nature of the crime with sufficient particularity to enable him to make his defense, (2) to identify the offense so as to enable the defendant to avail himself of his conviction or acquittal thereof if he should be prosecuted further for the same cause, and (3) to inform the court of the facts charged so that it may determine whether or not they are sufficient to support a conviction. *State v. Sanders,* 280 Or 685, 687-88, 572 P2d 1307 (1977); *State v. Smith,* 182 Or 497, 500-01, 188 P2d 998 (1948). We have further recognized that article I, section 11, of the Oregon Constitution guarantees that persons accused of a crime have the right to "demand the nature and cause of the accusation against him." *State v. Sanders, supra* at 688.

We agree with the Court of Appeals that aggravated murder (ORS 163.095(2)(d)) and felony murder (ORS 163.115(1)(b)) are distinct offenses. Under ORS 163.115(1)(b), in order to constitute felony murder, the defendant must have been engaged in the commission of one of the specified felonies and a homicide must have been caused by the defendant or by any other participant in the crime. For aggravated felony murder, ORS 163.095(2)(d) requires that the defendant personally commit the homicide. The elements of the two crimes are the same except that aggravated felony murder under ORS 163.095(2)(d) requires one additional element: personal commission of the homicide.

Although the indictment does not contain the word "personally" in referring to the manner in which defendant caused the death of another human being, the indictment was sufficient to notify defendant that he had to defend the charge of aggravated murder under ORS 163.095(2)(d). The indictment specifically listed the crime of aggravated murder and referred to ORS 163.095. The indictment then particularly charged that defendant, in the course of a robbery, "did cause the death of another human being, to-wit: Donald V. Baune, *by shooting him with a firearm,* to-wit: a pistol, * * *." (Emphasis added.) Charging the defendant with causing death "by shooting [the victim] with a firearm" is sufficient to inform the defendant that the State intends to prove that defendant had personally committed the homicide. Accordingly, we reverse the decision of the Court of Appeals.

Reversed and remanded.

**LENT, J.,** dissenting.

As the majority concedes, aggravated murder, as defined in ORS 163.095(2)(d), and felony murder, as defined in ORS 163.115(1)(b), are distinct offenses. The one important distinction, for the purpose of the issue before us, is whether the defendant "personally" committed the homicide. Count I of the indictment attempts to charge aggravated murder without any allegation that the defendant "personally" committed the homicide described in the indictment.

Under this indictment, the plaintiff could have proven that the defendant's *agent* shot the victim with a firearm or that defendant *aided or abetted* another in the shooting, *State v. Fraser,* 105 Or 589, 594, 209 P 467 (1922), and this is so even though the defendant may not even have been present at the scene of the homicide, *State v. Carroll,* 155 Or 85, 62 P2d 830 (1936).

I would concede that ordinarily the specific means employed in committing a crime need not be

described with any great particularity, but when the very manner or means of commission is what defines the crime, I believe it is necessary to allege such manner or means. When it is a peculiar manner or means of commission of the proscribed act that governs which of two distinct offenses is sought to be charged, the specified manner or means should be required to be alleged in the accusatory instrument.

This indictment is simply insufficient to charge aggravated murder. To require the plaintiff to add the word "personally" when charging aggravated murder under ORS 163.095(2)(d) places no great burden upon the prosecutor and would enable the accused to know exactly what is the charge against him.

I would dispose of this case as did the Court of Appeals. *State v. Cohen,* 42 Or App 297, 300, 600 P2d 892 (1979).