979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Albert MILLS, Petitioner-Appellant,
v.
Manfred MAASS, Respondent-Appellee.
 No. 92-35013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 20, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon state prisoner George Albert Mills appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his state convictions for robbery and attempted assault. We affirm.
 
 
 3
 Mills took his car to a repair shop, approved the shop's $1,200 estimate, and later agreed to pay the $1,100 bill in cash. Mills claimed he authorized only $300 worth of repairs. However, on the morning that Mills was to pick up his car, he left a death threat on the shop owner's answering machine. When Mills arrived, he pulled a gun and demanded the car. The owner then pulled his own gun and told Mills to drop his. Mills ran away, but fired two shots at the owner from the street.
 
 
 4
 Mills was indicted for first degree robbery and first degree attempted assault. He was convicted on both charges in a bench trial. Mills appealed his conviction to the Oregon Court of Appeals, which affirmed. The Oregon Supreme Court denied review. Mills then sought relief in federal court through his petition for a writ of habeas corpus. The district court denied the petition, and this appeal followed.
 
 A. Exhaustion of State Remedies
 
 5
 The state argues that Mills' habeas petition is procedurally barred because Mills failed to file a timely state post-conviction claim. Mills did fail to bring a collateral attack, and is now barred by Oregon law from pursuing further relief in the state courts. Or.Rev.Stat. § 138.510. However, Mills correctly points out that he raised the same issues in his direct appeal from the state court judgment. The exhaustion requirement does not demand that petitioner " 'ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.' " Castille v. Peoples, 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (quoting Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed.2d 469 (1953)); Prantil v. California, 843 F.2d 314, 316 n. 1 (9th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988).
 
 B. The Robbery Conviction
 
 6
 Mills argues that he was convicted in violation of his due process right to be given notice of the specific charge against him and to be tried on that same charge. Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948); see also Sheppard v. Rees, 909 F.2d 1234, 1236 (9th Cir.1990) ("The Sixth Amendment guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges in order to permit adequate preparation of a defense.").
 
 
 7
 His claim has no merit. He was charged with robbery by theft of property while armed. Or.Rev.Stat. §§ 164.395, 164.415. Oregon law defined the victim as the "owner" of the property because he had a lien upon the car which gave him a superior right of possession until his charges were paid. See Or.Rev.Stat. § 164.005 (owner defined); id. § 87.166 (attachment of lien); id. § 87.152 (lien holder's right to possession).
 
 
 8
 In denying Mills' motion for a judgment of acquittal, the court rejected Mills' argument that his possessory interest in the car was superior to that of the shop owner, and found sufficient evidence to support a conviction for theft of property. At trial there was reliable evidence presented to show that Mills authorized the shop to repair his car and agreed to pay for the repairs once they had been made. Accordingly, the record amply demonstrates that Mills was convicted as charged for theft of property.
 
 C. The Attempted Assault Conviction
 
 9
 Mills argues that there was insufficient evidence to convict him of attempted assault in the first degree--indeed, so insufficient as to deprive him of due process. Under Oregon law, a "person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon." Or.Rev.Stat. § 163.185(1). A person is guilty of attempt "when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." Id. § 161.405(1).
 
 
 10
 Mills argues that he merely fired a couple shots over his shoulder into the sky, and that the shop owner was never in danger. In addition, Mills points out that under Oregon v. Dillon, 546 P.2d 1090, 1092 (Or.Ct.App.1976), if he had actually shot the owner, but caused no serious physical injury, he could not have been convicted of first degree assault. Therefore, he argues, he was irrationally punished as harshly for missing as he might have been for hitting his victim.
 
 
 11
 Mills mistakes the nature of an attempt crime. He also fails to recognize the fact that an assault with intent to inflict great bodily injury may bespeak greater criminality than an assault with bodily injury. The evidence supports the conclusion that Mills shot at the owner with the intent to cause serious physical injury. There was sufficient evidence to support Mills' conviction for first degree attempted assault. Finally, it is entirely rational to classify crimes by the degree of intended harm; Oregon's classification of attempted assault implicates no constitutional claim.
 
 D. Waiver of Jury Trial
 
 12
 At the beginning of his trial, Mills told the court that he had signed a waiver of his right to a jury trial. When questioned he said that he had reviewed the matter with his attorney, knew he had a right to a jury trial, wanted to waive that right, and desired to be tried by the court. Mills now argues that despite his admitted execution of the written waiver, the trial court's examination was insufficient to render his waiver knowing and voluntary. A valid waiver of a defendant's right to a jury trial must be "made voluntarily, knowingly and intelligently." United States v. Cochran, 770 F.2d 850, 851 (9th Cir.1985).
 
 
 13
 Mills executed a written waiver, but argues that the failure of the court to engage him in a personal, extended colloquy precluded his knowing and intelligent waiver. We have rejected that argument, and held that "the failure of a district judge to conduct such an interrogation does not violate either the Constitution, or Fed.R.Crim.P. 23(a); nor does it ipso facto require reversal." Id. at 851 (citations omitted).[1] This is equally true in state court proceedings. Thus, Mills' claim must fail.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See also Adams v. Peterson, 968 F.2d 835, 837, 839 n. 1, 843 (9th Cir.1992) (en banc) (holding waiver of jury trial and consent to trial by stipulated facts both valid, based on colloquies as limited as Mills'), petition for cert. filed (U.S. Sept. 22, 1992) (No. 92-5956); United States v. Systems Architects, Inc., 757 F.2d 373, 375 (1st Cir.), cert. denied, 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 115 (1985)