Watson *v.* State.

Opinion delivered June 25, 1923.

1. SEDUCTION—PROMISE OF MARRIAGE—EVIDENCE.—In a prosecution for seduction, testimony of the prosecutrix that she had intercourse with the accused because of his promise of marriage, and that two dates were set for their marriage, met the requirement that there must be an unconditional promise of marriage.

2. SEDUCTION—CORROBORATION OF PROSECUTRIX.—In a prosecution for seduction, the testimony of the prosecutrix must be corroborated, both as to the promise of marriage and the fact of intercourse, by proof other than her own, of a direct or inferential nature.

3. SEDUCTION—WEIGHT OF TESTIMONY.—Where, in a prosecution for seduction, there was corroborating testimony from which the promise of marriage and the fact of sexual intercourse might be inferred, the weight thereof was for the jury.

4. CRIMINAL LAW—INSTRUCTION—CLERICAL ERROR.—In a prosecution for seduction where the statute required an express promise of marriage, whether false or feigned, an instruction authorizing a

conviction if the accused made "a false feigned, feigned promise of marriage" was not open to a general objection, where in another instruction the jury were told that there must have been an "express" promise of marriage.

5. SEDUCTION—INSTRUCTION.—In a prosecution for seduction a requested instruction to discard the testimony of the prosecutrix for the time being to ascertain whether there was outside substantial evidence to show a promise of marriage and the facts of sexual intercourse was erroneous, as emphasizing one part of the testimony and as excluding that of the prosecutrix which had to be considered in determining the bearing of the independent evidence on her evidence.

6. CRIMINAL LAW—REPETITION OF INSTRUCTIONS.—It was not error to refuse requested instructions fully covered by those given.

7. CRIMINAL LAW—INSTRUCTION AS TO ACCUSED'S FAILURE TO TESTIFY.' —In a prosecution for seduction, in which the accused did not testify, an abstract instruction relative to his right to testify and the weight to be given to his evidence was prejudicial error as calling attention to his failure to testify.

Appeal from Frankling Circuit Court, Ozark District; *James Cochran*, Judge; reversed.

*J. P. Clayton, J. D. Benson,* and *Dave Partain,* for appellant.

There was no evidence corroborating the testimony of prosecutrix. Sec. 2414, C. & M. Digest; 40 Ark. 482; 77 Ark. 16; 92 Ark. 41. Instruction 11 should have been given and a verdict instructed for defendant. Promise of marriage not unconditional. 113 Ark. 520; 135 Ark. 221. The court erred in refusing to give appellant's requested instructions numbered 6, 7 and 10. 77 Ark. 472. Requested instruction numbered 1 should have been especially in view of court's instruction number 1. 73 Ark. 235. The charge of the court does not follow either the indictment or the statute. 72 Ark. 398. The court erred in giving instruction No. 7.

*J. S. Utley,* Attorney General, *John L. Carter* and *W. T. Hammock,* Assistants, for appellee.

The evidence is sufficient to support the verdict; the testimony of the prosecutrix was sufficiently corroborated. Sec. 2414, C. & M. Digest; 24 R. C. L. 779; 154

Ark. 119; 126 Ark. 98  Cases cited by appellant, 92 Ark. 421, and 77 Ark. 472, distinguished. Unconditional express promise of marriage. 135 Ark. 221. Instructions 6, 7 and 10 requested are covered by 1, 2 and 3 given. Instruction 5 properly refused. 77 Ark. 476. Instruction 1, refused, substantially covered by 5, to which no specific objection was made. Neither was there any specific objection made to giving of instruction 7. 154 Ark. 67; 142 Ark. 96.

*J. D. Benson, J. P. Clayton,* and *Dave Partain,* in reply.

Case should be reversed on account of erroneous instruction 1. ''Express'' defined. Webster's New International Dictionary. 2 Words & Phrases (sec. series) 405; 72 Ark. 398.

HUMPHREYS, J. Appellant was indicted, tried and convicted of the crime of seduction in Franklin Circuit Court, Ozark District, and as punishment therefor adjudged to serve one year in the State Penitentiary. From that judgment an appeal has been duly prosecuted to this court.

Appellant's first contention for reversal is that the evidence is insufficient to support the verdict, first, because it does not reveal an unconditional promise by appellant to marry the prosecutrix as an inducement to the act of sexual intercourse; and second, that the evidence of the prosecutrix was without corroboration.

(1) The prosecutrix testified in response to interrogations as follows: ''Q. How did you come to have intercourse with him? A. Because I loved him. Q. And his promise of marriage? A. Yes sir.'' The prosecutrix also testified that two dates were set for their marriage. This testimony meets the requirement of the law, that there must be unconditional promise of marriage.

(2) The law requires that the testimony of the prosecutrix be corroborated, both as to the promise of marriage and the fact of intercourse, by proof, other

than her own, of a direct or inferential nature. *Polk* v. *State,* 40 Ark. 482; *Laster* v. *State,* 77 Ark. 468; *Nichols* v. *State,* 97 Ark. 421. The prosecutrix testified that the courtship of herself and appellant covered a period of about fifteen months; that during the time they were twice engaged; that appellant first promised to marry her in the spring of 1921; that she purchased some clothing for the occasion, and for that purpose went to Webb City in company with Walter Conley and his wife during the month of March, 1921; that subsequently the engagement was broken, but was renewed in August of the same year; that at that time she yielded her person to him, and the illicit relationship continued for a number of months; that in November she became pregnant by appellant, and as a result a child was born in August, 1922; that during the first and second courtships he came to see her from one to four times a week, and that she received him to the exclusion of all others, except very occasionally she would go with some other boy, and he with some other girl. Arch Sewell, father of the prosecuting witness, testified that appellant came to see his daughter continually for a long period of time, beginning some time in 1921; that his daughter received his attentions to the exclusion of others; that he went with her regularly and took her to parties, church, Sunday-school, and prayer meeting; that during the continued courtship he purchased clothes twice for his daughter to get married. The deputy sheriff of Logan County, a Mr. Kirkpatrick, testified that, in a conversation with appellant and his father, Mr. Watson, the father said that the boy had fixed to get married at one time but he put a stop to it, to which statement appellant replied that he would have taken the girl but was damned proud now that he didn't.

Walter Conley testified that in March, 1921, the prosecutrix accompanied him and his wife to Webb City, but that he could not remember whether she bought anything on that occasion.

It is inferable from the testimony of Arch Sewell that his daughter was engaged to appellant, and that appellant was the father of the child; also that his daughter and appellant were engaged. His testimony showed a long, constant, persistent, exclusive courtship, during which time he purchased clothing for his daughter on two occasions for them to marry. The testimony of Walter Conley corroborates that of the prosecutrix, to some extent, with reference to buying a dress in which to marry. The testimony of the deputy sheriff tends to establish an admission on the part of appellant that he was engaged to the prosecutrix. There was, then, corroborating testimony from which the promise of marriage and the fact of sexual intercourse might be inferred, and the weight thereof was a question for determination by the jury. *Jackson* v. *State,* 154 Ark. 119.

Appellant's next contention for reversal is that, in giving instruction No. 1, the court told the jury that it should convict appellant if they found he made "a false, feigned, feigned promise of marriage," instead of a "false, feigned, express promise of marriage." The statute requires that there shall be an express promise of marriage, whether false or feigned, before there can be a conviction. *Burnett* v. *State,* 72 Ark. 398. The court not only read the statute to the jury, but, in giving instruction No. 7, called the attention of the jury to the fact that the law required an express promise of marriage as a prerequisite to conviction. It is apparent that the word "feigned" was used twice in instruction No. 1, through inadvertence, and was a clerical error. It could not have misled the jury, as the correct word, "express," was used in instruction No. 7. The only way to take advantage of a clerical error in an instruction is to make a specific objection thereto, and this was not done.

Appellant's next contention for reversal is that the court erred in refusing to give instruction No. 5, requested by him. The purport of this instruction was a direction to the jury to discard the testimony of the

prosecutrix, for the time being, in order to ascertain whether there was outside substantial evidence to show a promise of marriage, and the fact of sexual intercourse, The vice in this instruction is that it contained a direction to emphasize one part of the testimony to the exclusion of the other. In order to ascertain whether there was substantial evidence corroborating that of the prosecutrix, it was necessary to use her testimony as a basis therefor, and to consider the bearing of the independent evidence upon her evidence. This could not have been done had her evidence been discarded for the time being. The entire body of the evidence should be retained at all times in the minds of the jurors, and treated and considered as a whole in determining the innocence or guilt of an accused.

Appellant's next contention for reversal is the refusal of the court to give his requests numbered 1, 6, 7 and 10. Each of these instructions told the jury it was necessary for the evidence of the prosecutrix to be corroborated by other evidence, both as to the promise of marriage and the fact of sexual intercourse, before they could convict appellant. This point and all other matters touched upon in the instructions were fully covered by instructions given by the court upon his own motion.

Appellant's next and last contention for reversal is that the court erred in giving instruction No. 7, over his objection, relative to his right to testify, and the weight to be attached to his evidence. Appellant did not testify in the case, so the instruction was abstract, and for that reason should not have been given. It was prejudicial because it necessarily called the jury's attention to the fact that he failed to testify in his own behalf, although such right was accorded to him by the law.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.