**UNITED STATES of America,**
**Appellee,**

v.

**Durrell Gene "Skipper" SMITH,**
**Appellant.**

No. 11924.

United States Court of Appeals Fourth Circuit.

Argued March 4, 1968.

Decided March 21, 1968.

Claud N. Sapp, Columbia, S. C., for appellant.

William B. Long, Jr., Asst. U. S. Atty. (John C. Williams, U. S. Atty., on brief), for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

On the trial of Durrell Gene "Skipper" Smith for robbery on May 5, 1967 of the Bank of Ridgeway, Ridgeway, South Carolina, 18 U.S.C. § 2113(a) and (d), his counsel asked the Court to charge the jury that "the fact that he [defendant] did not take the stand cannot be held against him." Refusal of this instruction is one of the assignments of error in Smith's appeal against his conviction. We think it is well taken, but we find no merit in the others.

In lieu of this charge the Court thought it sufficient and more proper to tell the jury, and the jury was told with' clarity, that there was no burden upon the accused to offer evidence. Nevertheless, appellant contends that he was entitled to have the jury advised that an accused is not obligated to testify and that his failure to become a witness should not be used to his prejudice by the jury in determining his guilt or

innocence. Defense counsel adds that, as several witnesses had appeared for the accused, the Court's submission was conspicuously wanting in conveying to the jury his unquestionable privilege to refrain from giving·evidence in the case.

No special formula or prescription of words is requisite, but when sought this right of the accused should be outlined to the jury. Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939). Frequently, the explanation is made as of course. Unless seasonable objection by the defendant is interposed, this practice is quite correct; if opposed by him, it should not be given. To repeat, no pet phrasing is suggested; any words carrying a simple exposition of the precept will do. We have found no adequate substitute language here.

For this omission the judgment now on review must be vacated and a new trial ordered.

Reversed and new trial.