**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Edgar James JONES, Jr., Defendant-**
**Appellant.**

**No. 23412.**

United States Court of Appeals
Ninth Circuit.

Feb. 13, 1969.

Peter G. Voorhies (argued), of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for appellant.

William Borgeson (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Charles H. Turner, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Defendant, convicted on two counts of the interstate transportation of forged travelers' checks, urges on this appeal error in the court's instructions. The travelers' checks were stolen about midnight on November 12, 1966, and cashed by the defendant the following day. No claim is made that the evidence was insufficient to convict.

The court gave instructions relating to the unexplained possession of stolen property and the effect of the failure of the accused to take the stand which are indistinguishable in substance from those approved in Glavin v. United States, 396 F.2d 725, (9 Cir. 1968), 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262.

Defendant urges that the instructions given with respect to the unexplained possession of stolen property in effect compelled him to testify in violation of his rights under the Fifth Amendment and 18 U.S.C. § 3481. This argument is foreclosed by *Glavin*.

Defendant also urges that when the court charged that the defendant was not required to testify and that no inference could be drawn from his failure to do so, it emphasized the defendant's failure to testify. In advance of the charge defendant did not request the court to omit any reference to his failure to testify, but defendant did object to the charge after it had been given. The court did not commit error at the time the instruction was given. Coleman v. United States, 367 F.2d 388 (9 Cir. 1966).

The trial court did not err in failing to do something about the post charge objection because by that time there was nothing that could be done. A withdrawal of the instruction would have been equivalent to telling the jury that it might draw an adverse inference from the defendant's silence. Any comment would have compounded what defendant conceives to be the prejudice. We are not called upon to decide what the result might be in a case where the charge was given over a defendant's request that it be not given.[1]

---

* Russell E. Smith, United States District Judge, District of Montana, sitting by designation.

1. The trial judge here advised counsel after the charge that he uniformly acted on this matter in accordance with the defendant's requests when they were made known to him.