Albert **MENGARELLI**, Petitioner-Appellant,

v.

**UNITED STATES MARSHAL IN AND FOR the DISTRICT OF NEVADA,** Respondent-Appellee.

No. 71–1621.

United States Court of Appeals, Ninth Circuit.

March 30, 1973.

Carl F. Martillaro, Carson City, Nev., M. E. Balt, Weehawkin, N. J., for petitioner-appellant.

Bart M. Schouweiler, U. S. Atty., Las Vegas, Nev., for respondent-appellee.

Before MERRILL, TRASK and WALLACE, Circuit Judges.

MERRILL, Circuit Judge:

Following a jury trial, appellant was convicted of conspiracy to evade or defeat the federal excise tax imposed on wagers and to file false income tax returns. Judgment was affirmed on appeal. Mengarelli v. United States, 426 F.2d 985 (9th Cir. 1970). Appellant then sought to vacate his conviction under 28 U.S.C. § 2255. Following an evidentiary hearing his motion was denied, 325 F.Supp. 358. This appeal followed.

Appellant contends that in the course of his trial his constitutional rights were violated in two respects.

First, he alleges that the charge to the jury by the trial judge amounted to comment on appellant's failure to testify in his own behalf.

Appellant's defense consisted of only one witness who testified briefly as to appellant's good character.

The district judge instructed the jury that "The law does not compel a defendant in a criminal case to take the witness stand and testify, and no presumption of guilt may be raised and no inference of any kind may be drawn from the failure of a defendant to testify."

Further, during the course of the charge to the jury the court on six occasions instructed that "The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence."

No objection to the charge was interposed and no request was made that such instructions not be given.

██ It is well established in this Circuit that in absence of objection it is not plain error to give the charge in question. United States v. Ballard, 418 F.2d 325 (9th Cir. 1969); United States v. Jones, 406 F.2d 1297 (9th Cir. 1969); Coleman v. United States, 367 F.2d 388 (9th Cir. 1966). Appellant contends, however, that reiteration of the charge in this case amounted to impermissible comment by the trial court upon his failure to testify.

We cannot agree.

The problem posed by the instruction is that it is a two-edged blade and that the jury in a particular case may react

to either edge. Appellant would have us convert it into a one-edged blade and accept as matter of law the proposition that the more the charge is reiterated, the less attention the jurors will pay to it; that they will react more strongly to the fact that it is given at all, while paying no heed to the substance of that which is reiterated. We cannot accept this proposition. For all we know, in this case, reiteration may have been the only way to drive home to the jury the substance of the charge and to overcome the perhaps unforgettable fact that no defense had been tendered.

It is trial counsel for the defendant who is best able to appraise the jury; to gauge the effect upon them of failure of the defendant to take the stand or present evidence in defense and to judge how best to proceed under the circumstances. Failure to request that the charge not be given, or to object to its reiteration, can only be construed by us as trial strategy.

Second, appellant contends that he did not receive adequate representation by counsel.

The court below in this proceeding reviewed the competency of appellant's attorney, as disclosed by the trial record, and concluded that a competent and professional job had been done. Our review of the record provides no basis for disagreement with this conclusion.

Appellant's principal basis for his contention that representation was inadequate was counsel's failure to object to the charge to the jury in the respects already discussed. Where counsel otherwise perform in a fully competent manner, a choice of trial tactics, even though deemed unwise in retrospect, can rarely be said to rise to the level of a deprivation of a constitutional right. *Cf.* Johnson v. Craven, 432 F.2d 418, 419 (9th Cir. 1970). We are wholly unable to conclude that the tactics adopted here were so clearly inappropriate as to de-

prive appellant of adequate representation.

Other complaints of the manner in which counsel conducted the defense as specified by appellant we find to be without substance.

Judgment affirmed.