PEOPLE v HARRIS

CRIMINAL LAW—RIGHT NOT TO TESTIFY—INSTRUCTIONS TO JURY—
STATUTES.

A statute requires that an instruction on defendant's right not to
testify be given to the jury when the defendant does not testify,
and the defendant does not have a choice whether such an
instruction is to be given or not (MCLA 768.29).

Appeal from Recorder's Court of Detroit, Frank
G. Schemanske, J. Submitted Division 1 March 13,
1974, at Detroit. (Docket No. 16120.) Decided April
30, 1974.

William Harris was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*
*Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Leonard Mey-*
*ers,* Assistant Prosecuting Attorney, for the people.

*Marshall S. Redman,* Assistant State Appellate
Defender, for defendant.

Before: J. H. GILLIS, P. J., and QUINN and
O'HARA,* JJ.

QUINN, J. A jury convicted defendant of armed

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence § 638 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

robbery, MCLA 750.529; MSA 28.797. He was sentenced and he appeals.

Defendant first contends that it was reversible error for the trial court to instruct the jury on defendant's choice not to testify after he specifically requested that such an instruction not be given. In support of this contention, defendant cites *People v Pruitt,* 29 Mich App 230; 185 NW2d 57 (1970); *People v Abernathy,* 29 Mich App 558; 185 NW2d 634 (1971); *People v Moore,* 39 Mich App 329; 197 NW2d 533 (1972).

We decline to accept the foregoing authorities as controlling precedent supporting defendant's contention that it is reversible error to instruct the jury on a defendant's right not to testify when a defendant has specifically requested that the instruction not be given. The inception of the reasoning advanced in support of defendant's position is found in dictum in *Pruitt, supra.*

In *Pruitt,* defendant offered no proofs but requested an instruction on his right not to testify. This Court held it was error not to give the requested instruction. The *Pruitt* Court properly found that a defendant's right not to testify is part of "the law applicable to the case", and that MCLA 768.29; MSA 28.1052 mandated the giving of the instruction.

Although this finding decided the issue conclusively, the *Pruitt* Court continued to discuss it. After quoting:

"Where such a request to charge has been made, we find no authority warranting its refusal. The contention of respondent in this case is founded both upon reason and authority. A respondent is protected in his right under the statute to elect not to testify. A jury, upon his request, should be informed of that right, to prevent the creation in their minds of any presumption of guilt by reason of his silence. The court was in error in refusing to give the request as presented,"

from *People v Provost,* 144 Mich 17, 23; 107 NW 716, 718–719 (1906), the *Pruitt* Court concluded:

"Therefore, there is no discretion in the trial court when requested to give an instruction similar to the one requested here and the court's refusal to give the instruction is error. The choice as to whether such an instruction is to be given to the jury is the defendant's and not the trial court's."

The final sentence of the last quotation was not only unnecessary and not supported by the authority relied on, but it was extremely unfortunate. This is the language which gives rise to defendant's contention that he has a choice as to whether or not an instruction on his right not to testify shall be given.

When a defendant does not testify, MCLA 768.29 requires that an instruction on his right not to testify be given. The instruction is more than an integral part of a defendant's constitutional right not to testify. It is also an explanation to a jury of laymen of the reason why a defendant may not be called to testify in a criminal case. We cannot assume that lay jurors know what lawyers and judges know. Except in Detroit recorder's court, the jurors hear civil and criminal cases. In civil cases, they encounter testimony by all parties as well as testimony by defendants called for cross-examination. It is not reasonable to assume that they will understand why a criminal defendant does not testify without an explanation therefor.

The remaining issues raised on appeal do not merit discussion either because they were not preserved for review, are not supported by the record or do not involve reversible errors.

Affirmed.

All concurred.