Argued April 21, reversed and remanded June 1, reconsideration denied
July 14, petition for review allowed September 1, 1976
See 277 Or 569, 561 P2d 612

## STATE OF OREGON, *Respondent,*
*v.*
## ENSIO RUBEN LAKESIDE, *Appellant.*
### (No. C 75-06-1977 Cr., CA 5263)
549 P2d 1287

*Phillip M. Margolin,* Portland, argued the cause for appellant. With him on the brief were Nash & Margolin, Portland.

*James A. Hill,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

**LEE, J.**

Defendant appeals his conviction of escape in the second degree, ORS 162.155.[1]

At trial defendant raised the defense of lack of criminal responsibility per ORS 161.295.[2] Contrary to the wishes of defendant, the trial court instructed the jury that:

> "Under the laws of this State, a defendant has the option to take the witness stand to testify in his or her own behalf. If a defendant chooses not to testify, such a circumstance gives rise to no inference or presumption against the defendant, and this must not be considered by you in determining the question of guilt or innocence."

Defendant took timely objection to the giving of that instruction. Defendant maintains that, while he has a right to such an instruction if requested, it should not be given against his will. We agree.

If a defendant requests such an instruction, it must be given. *State v. Hale,* 22 Or App 144, 537 P2d 1173 (1975). The state insists that "if reversible error can occur from failure to give the instruction, the converse situation of giving the instruction over defendant's objection can hardly be error." The defendant, how-

---

[1] ORS 162.155 provides:

"(1) A person commits the crime of escape in the second degree if:

"(a) He uses or threatens to use physical force escaping from custody; or

"(b) Having been convicted or found guilty of a felony, he escapes from custody imposed as a result thereof; or

"(c) He escapes from a correctional facility.

"(2) Escape in the second degree is a Class C felony."

[2] ORS 161.295 provides:

"(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2) As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

ever, insists that giving the instruction over his objection unjustifiably interfered with his trial strategy, i.e., to avoid mention of his failure to testify.

The appellate courts of this state have not ruled on the propriety of giving such an instruction over the defendant's objection. We are persuaded, however, by the court's reasoning in *Russell v. State,* 240 Ark 97, 100, 398 SW2d 213 (1966), in which a unanimous court stated that

"* * * the instruction ought not to be given against the wishes of the defendant. If the accused is to have the unfettered right to testify or not to testify he should have a correlative right to say whether or not his silence should be singled out for the jury's attention."

Other jurisdictions have reached the same conclusion. *Gross v. State,* 261 Ind 489, 306 NE2d 371 (1974); *Villines v. State,* 492 P2d 343 (Okla Cr 1971); *People v. Molano,* 253 Cal App2d 841, 61 Cal Rptr 821, 18 ALR3d 1328 (1967). While there are also holdings to the contrary, *United States v. Williams,* 521 F2d 950 (DC Cir 1975), *United States v. Rimanich,* 422 F2d 817 (7th Cir 1970), and *United States v. Schwartz,* 398 F2d 464 (7th Cir 1968), *cert den* 393 US 1062 (1969), we think that the better rule is to not give instructions ostensibly designed for defendant's benefit over the knowledgeable objection of competent defense counsel.

Such a rule allows defense counsel full latitude on matters of trial strategy. We find no persuasive reason against the rule we now adopt.

Reversed and remanded for new trial.