Argued November 2, 1976, reversed March 17, petition for rehearing denied April 12, 1977

STATE OF OREGON, *Petitioner,*
*v.*
ENSIO RUBEN LAKESIDE, *Respondent.*
(CA 5263, SC 24666)
561 P2d 612

James A. Hill, Jr., Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were Lee Johnson, Attorney General, Salem, and W. Michael Gillette, Solicitor General, Salem.

Phillip M. Margolin, Portland, argued the cause for respondent. With him on the brief were Nash & Margolin, Portland.

Before Denecke, Chief Justice, and McAllister,** O'Connell,*** Tongue, Howell, Bryson, and Lent, Justices.

** McAllister, J., retired December 31, 1976.
*** O'Connell, J., term expired January 3, 1977.

LENT, J.

## LENT, J.

Defendant was convicted by a jury of the crime of escape in the second degree and sentenced to the penitentiary. The Court of Appeals reversed and remanded for a new trial, holding that the trial court erred in instructing the jury, over defendant's prior objection, that: "Under the laws of this State a defendant has the option to take the witness stand to testify in his or her own behalf. If a defendant chooses not to testify, such a circumstance gives rise to no inference or presumption against the defendant, and this must not be considered by you in determining the question of guilt or innocence." *State v. Lakeside,* 25 Or App 539, 549 P2d 1287 (1976). We granted review.

Defendant assigned error as follows:

"It was error, and a violation of the Self-Incrimination Clause of the Fifth Amendment to the United States Constitution, for the trial court to comment on appellant's failure to testify, by giving a jury instruction concerning this fact, after appellant objected to the giving of this instruction."[1]

Defendant and his counsel chose not to have defendant testify, and during trial defendant's lawyer was careful to avoid any mention of the fact that defendant did not testify and had not testified. The

[1]Defendant's exception to this instruction was as follows:

"Does the defendant have any further exceptions?

"Mr. MARGOLIN: Yes, I have one exception.

"I made this in Chambers prior to the closing statement. I told the Court that I did not want an instruction to the effect that the defendant doesn't have to take the stand, because I felt that that's like waving a red flag in front of the jury, so I do have an exception to the instruction given to the effect that the defendant doesn't have to take the stand, and that that should not be considered against him.

"THE COURT: The defendant did orally request the Court just prior to instructing that the Court not give the usual instruction to the effect that there are no inferences to be drawn against the defendant for failing to take the stand in his own behalf.

"The Court felt that it was necessary to give that instruction in order to properly protect the defendant, and, therefore, the defendant may have his exception."

We shall, for the purposes of this opinion, consider this exception sufficient to preserve defendant's claim of error.

[ 571 ]

prosecuting attorney, of course, was foreclosed from mentioning the fact in any way. *See Griffin v. California,* 380 US 609 (1965).

A brief review of *Griffin* would be helpful in according that decision proper perspective. In that case, defendant did not testify. To use the words of the decision, which are by no means an exaggeration, "[t]he prosecutor made much of the failure" of defendant to testify. The trial court instructed the jury that the defendant had a constitutional right not to testify but went on to tell the jury:

> "As to any evidence or facts against him which the defendant can reasonably be expected to deny or explain because of facts within his knowledge, if he does not testify or if, though he does testify, he fails to deny or explain such evidence, the jury may take that failure into consideration as tending to indicate the truth of such evidence and as indicating that among the inferences that may be reasonably drawn therefrom those unfavorable to the defendant are the more probable." (380 US at 610).

The trial court in substance added that no such inference could be drawn as to evidence respecting which defendant had no knowledge and further stated that failure of a defendant to deny or explain the evidence of which he had knowledge did not create a presumption of guilt nor by itself warrant an inference of guilt nor relieve the prosecution of any of its burden of proof.[2] The United States Supreme Court granted certiorari:

> "to consider whether comment on the failure to testify violated the Self-Incrimination Clause of the Fifth Amendment which we made applicable to the States by the Fourteenth in Malloy v. Hogan, 378 U.S. 1, decided after the Supreme Court of California had affirmed the present conviction." (380 US at 611).

---

[2] Article I, § 13, of the California Constitution provided in part:

". . . in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury."

The court held that the Fifth Amendment forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt.

Because many of the cases reviewed direct our attention to the decision in *Bruno v. United States,* 308 US 287 (1939), it would be helpful background to briefly review that case. There the court refused defendant's requested instruction substantially the same as given in the case at bar. The question in *Bruno* was whether the defendant "had the indefeasible right to have the jury told" what, in substance, defendant here complains was told to the jury. It should be kept in mind that *Bruno* was concerned not with any constitutional question but only with the effect of a federal statute which provided that the defendant in a criminal trial might at his own request be a competent witness, but that his failure to exercise that privilege did not create any presumption against him. Interestingly enough, the government argued that there was no error, because the jury would, despite such an instruction, draw an adverse inference from the defendant's failure to testify and, therefore, *a fortiori,* the jury would be more inclined to draw an adverse inference if it is reminded by an instruction that he may testify. Holding that the defendant had an absolute right to have the jury so instructed under the statute, the court answered the prosecutor's argument by saying:

> "To the suggestion that it benefits a defendant who fails to take the stand not to have the attention of the jury directed to that fact, it suffices to say that, however difficult it may be to exercise enlightened self-interest, the accused should be allowed to make his own choice when an Act of Congress authorizes him to choose. And when it is urged that it is a psychological impossibility not to have a presumption arise in the minds of jurors against an accused who fails to testify, the short answer is that Congress legislated on a contrary assumption and not without support in experience. It was for Congress to decide whether what it deemed legally significant was

psychologically futile. Certainly, despite the vast accumulation of psychological data, we have not yet attained that certitude about the human mind which would justify us in disregarding the will of Congress by a dogmatic assumption that jurors, if properly admonished, neither could nor would heed the instructions of the trial court that the failure of an accused to be a witness in his own cause 'shall not create any presumption against him.' " (308 US at 294).

In our case there is nothing in the opinion of the Court of Appeals to indicate either that defendant was asserting Fifth and Fourteenth Amendment rights or that the Court of Appeals treated this on a constitutional level.

It appears the *ratio decidendi* of the Court of Appeals opinion was that although the defendant has an absolute right to have such an instruction given under *State v. Hale,* 22 Or App 144, 537 P2d 1173 (1975), and *State v. Patton,* 208 Or 610, 303 P2d 513 (1956), the giving of the instruction over his objection unjustifiably interfered with his trial strategy to avoid any mention of his failure to testify. The Court of Appeals relied primarily upon the "court's reasoning" in *Russell v. State,* 240 Ark 97, 398 SW2d 213 (1966), quoting therefrom as follows:

> "* * * the instruction ought not to be given against the wishes of the defendant. If the accused is to have the unfettered right to testify or not to testify he should have a correlative right to say whether or not his silence should be singled out for the jury's attention." (398 SW2d at 215).

The Oregon Court went on to adopt "a rule" that such an instruction not be given against defendant's wishes, because such a rule allows defense counsel full latitude on matters of trial strategy, stating in part as follows:

> "* * * we think that the better rule is to not give instructions ostensibly designed for defendant's benefit

over the knowledgeable objection of competent defense counsel." (25 Or App at 542).[3]

We have never had occasion to consider the question now before us. It has been considered by many other courts, however, and a review of the opinions of others will be of assistance in understanding our conclusions.

*Russell v. State, supra,* fails to advance the constitutional claims asserted here. In *Russell* the court cited no authority whatsoever for the material quoted by the Court of Appeals. If the Arkansas court were relying upon either its own constitution or the Fifth Amendment to the United States Constitution, as defendant urges in the case at bar, there would be some indication of that in the opinion.[4]

The Court of Appeals found that *Gross v. State,* 261 Ind 489, 306 NE2d 371 (1974); *Villines v. State,* 492 P2d 343 (Okl. Crim. App. 1971); and *People v. Molano,* 253 Cal App2d 841, 61 Cal Rptr 821, 18 ALR3d 1328 (1967); had reached the same conclusion as *Russell,* but acknowledged there were holdings to the contrary, citing *United States v. Williams,* 521 F2d 950 (DC Cir 1975); *United States v. Rimanich,* 422 F2d

---

[3] We note in passing that this language raises certain questions which may create more problems than it purports to solve. For example, what is a "knowledgeable objection"? At what stage of the proceedings or by what procedure is it established that defense counsel is "competent defense counsel"? We do not believe such questions to be wholly frivolous.

[4] The Arkansas court noted that two of its earlier decisions on the same issue were in direct conflict, citing *Watson v. State,* 159 Ark 628 252 SW 582 (1923), and *Thompson v. State,* 205 Ark 1040, 172 SW2d 234 (1943). In *Watson,* the opinion is silent as to the basis of defendant's claim of error. The court did hold that the giving of the instruction over defendant's objection was erroneous, because it "was abstract" and prejudicial because it "necessarily" called the jury's attention to the fact that defendant failed to testify in his own behalf "although such right was accorded to him by the law." The court cited no authority whatsoever for its holding. In *Thompson* the defendant had neither requested nor made prior objection to the instruction. Again, the opinion gives no hint as to the basis of defendant's claim of error. The court held no error was committed, without any mention of *Watson v. State, supra,* probably for the very good reason that the cases are *not* in conflict as *Russell v. State,* 240 Ark 97, 398 SW2d 213 (1966), declared them to be.

817 (7th Cir 1970); and *United States v. Schwartz,* 398 F2d 464 (7th Cir 1968), *cert den* 393 US 1062 (1969).

In *Gross* the Indiana court noted there was no definitive holding by the United States Supreme Court on the issue and that other jurisdictions which had considered the matter were about evenly divided, citing 18 ALR3d 1335. The Indiana court held that although it was unpersuaded that "the narrow holding" of *Griffin* was applicable, the giving of the complained-of instruction over defendant's prior objection was constitutionally prohibited by the Fifth Amendment. In weighing the effect which we accord to *Gross,* we draw attention to the exact words of the instruction for comparison with that given in the case at bar:

> "The defendant in this case has not taken the witness stand as a witness. Upon this question I instruct the jury that the *statute of our State* [their emphasis] reads as follows:
>
> "The defendant is a competent witness to testify in his own behalf. 'But if the defendant does not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same; and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section.' " (306 NE2d at 371).

To thus read the statutory language to the jury strikes us as calculated to produce in the minds of the jurors the exact opposite effect that the statute seeks to accomplish. We believe that instruction to be like "waving a red flag."

In *Villines v. State, supra,* the court reversed the trial judge for giving such an instruction over defendant's timely objection. No constitutional issue seems to have been raised, and, in certainty, the court did not

[ 576 ]

discuss the issue as being of constitutional significance.[5]

In *Molano* the defendant made timely objection, and that court correctly interpreted *Griffin* to hold "* * * either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt, are forbidden." 253 Cal App2d at 847, 61 Cal Rptr at 824. The *Molano* court then leaps to the conclusion that the *instruction* by the court is a *comment* proscribed by *Griffin.* The court, in support of this leap, found "particularly apt" a portion of a *dissenting opinion* by Justice Douglas in *United States v. Gainey, supra,* 380 US 63 at 73, which reads:

> "Just as it is improper for counsel to argue from the defendant's silence, so it is improper for the trial judge to call attention to the fact of defendant's silence. Indeed, under 18 U.S.C. § 3481 the defendant is entitled as a matter of right to have the trial judge expressly tell the jury that it must not attach any importance to the defendant's failure to testify; or, if the defendant sees fit, he may choose to have no mention made of his silence by anyone. Bruno v. United States, 308 U.S. 287."[6]

---

[5] The apparent basis for the *Villines* decision is language taken from an earlier case: *Brannin v. State,* 375 P2d 276 (Okl.Crim.App.1962). In *Brannin* the defendant had failed to make timely objection. Nevertheless, the court took the opportunity to "condemn the giving of such instruction" and to call to the attention of the trial courts of the state that condemnation. *Brannin* relied upon a much earlier case: *Russell v. State,* 17 Okl Cr 164, 194 P 242 (1921). The *Russell* opinion stated in substance that to give such an instruction "may constitute reversible error" if proper objection is interposed but went on to hold that in the absence of timely objection and a proper record for review on appeal, the error "was not of such fundamental character as to require reversal." All of the Oklahoma cases were concerned with their own statute, which was very similar to the federal statute involved in *Bruno v. United States,* 308 US 287 (1939). None of the cases was concerned with any claim that the giving of such an instruction violates a defendant's Fifth Amendment rights against self-incrimination.

[6] No mention of *Griffin* is made in either the majority opinion in *Gainey,* decided March 1, 1965, or in Justice Douglas' dissent, although *Griffin,* decided April 28, 1965, is reported in the same volume of United States Reports as is *Gainey,* and the members of the court must have been aware that *Griffin* was under consideration by the court when *Gainey* was decided. For comment on *Molano's* reliance upon *Gainey,* see the language

We do not read *Bruno* to support the last clause of the matter quoted from Justice Douglas' dissent and relied upon by the *Molano* court. It is true that after the court in *Bruno* held the defendant was entitled on his request to an instruction of the kind here in controversy and thereby disposed of the issue presented for decision, Justice Frankfurter, the writer of the opinion, by way of dictum, did use some language which, taken out of context, might be argued as supporting Justice Douglas' last-quoted clause. As noted before, the *prosecution* had urged upon the Supreme Court in *Bruno* that the failure to give the requested instruction was not error, because it actually benefits a defendant who fails to take the stand not to have the attention of the jury directed to that fact. The court had answered this contention by pointing out that Congress, by enactment of the statute, had authorized the defendant to choose to have the jury told that failure to take the stand did not create any presumption against him and that the jury was forbidden to weigh that fact against him or to consider it in deliberations in any manner. We believe that it is completely unwarranted to cite *Bruno* as authority for the proposition that defendant may enjoin the trial judge from giving the kind of instruction with which we are here concerned.

Defendant has drawn our attention to some other cases: *People v. Horrigan,* 253 Cal App2d 519, 61 Cal Rptr 403 (1967); *United States v. Smith,* 392 F2d 302 (4th Cir 1908); *State v. White,* 285 A2d 832 (Maine 1972); *Mengarelli v. United States Marshal,* 476 F2d 617 (9th Cir 1973); and *State v. Kimball,* 176 NW2d 864 (Iowa 1970).

---

from *People v. Hernandez,* 264 Cal App2d 206, 70 Cal Rptr 330, 334 (1968), quoted later in this opinion. The kind of instruction with which we are concerned in the case at bar was not before the court in *Gainey. Gainey* was concerned with the constitutionality of certain federal statutes creating inferences which might be drawn from certain described conduct and the trial judge's explanation of these inferences and statutes to the jury.

In *Horrigan* defendant requested and then withdrew the instruction. On appeal he contended the court should have given the instruction *sua sponte.* It was held no error was committed, but for some unknown reason the court (in what defendant here concedes to be dictum) said that the giving of such an instruction *sua sponte* is a constitutionally (presumably Fifth Amendment although not identified) proportioned invasion of, and a violation of, a defendant's rights.

In *Smith* the trial court refused defendant's requested instruction that the fact he did not take the stand could not be held against him. The appellate court reversed, citing *Bruno* as its authority. Again, by way of what defendant here concedes to be dictum, the court went on to say, without any stated reasons or citation of authority, that such an instruction should not be given over a defendant's objection.

In *White* the trial court, without objection, gave the instruction. No exception was taken, but defendant urged on appeal (the grounds not being stated in the opinion) it was error "for the Court to bring the defendant's failure to testify to the attention of the jury." Because of defendant's failure to object or except, the appellate court refused to consider the alleged error. Defendant here advises us that the court *held* that a trial court should so instruct the jury unless the defendant specifically requests that the court not do so. The court "held" no such thing. The court did say that the "practice" of trial judges should be as defendant here states. There was no discussion whatsoever of constitutional grounds.[7]

In *Mengarelli* the instruction was given. During the course of the charge, the court also instructed the jury on six occasions that the defendant had no burden to call any witnesses or to produce any evidence. No

---

[7] The authority cited for this advice to trial judges was 15 M.R.S.A. § 1315, which is a typical statute making the defendant a competent witness and providing that his failure to testify is not evidence against him. See *Bruno,* n. 5, *supra.*

objection was made either before or after the charge. On appeal, the defendant contended that this amounted to a "comment" on his failure to testify in violation of his constitutional rights. Apparently this contention applied to all of the just-described parts of the charge. Defendant here cites the case to us for the proposition that *"in the absence of objection"* [defendant's emphasis] it is not error to give the "failure to testify" instruction. What the court did say was, "It is well established in this Circuit that in the absence of objection it is not *plain* error to give the charge in question." [emphasis added]. 476 F2d at 618.[8]

In *Kimball* after the court had already decided that reversal and a new trial were required for misconduct of the trial judge on an unrelated matter, the court discussed this issue although no objection to the instruction was made until defendant's motion for a new trial:

> "The question now is whether an instruction which tells the jury *no inference* can be drawn from defendant's failure to testify violates the Griffin rule in the absence of a request for such instruction. The cases since Griffin have been gathered in an annotation in 18 A.L.R.3rd 1335. An overwhelming majority of the recent cases hold it is not reversible error. [*Cf.* statement in Gross v. State, *supra,* that the annotation shows courts are about evenly divided.]
>
> "* * * * *
> "* * * * *
> "It is not claimed the instruction given is an erroneous statement of the law. It is claimed to be prejudicial

---

[8] The court cited three earlier cases as authority: *Coleman v. United States,* 367 F2d 388 (9th Cir 1966), in which the opinion does not disclose whether or not defendant objected either before or after the instruction was given; *United States v. Jones,* 406 F2d 1297 (9th Cir 1969), in which no prior objection was made, although exception was saved after the charge (the court expressly declining to decide what might be the case were there prior objection); and *United States v. Ballard,* 418 F2d 325 (9th Cir 1969), in which there was no objection either before or after the charge. These Ninth Circuit cases are not helpful to us in resolving this issue.

because it calls the jury's attention to defendant's failure to take the stand.

"\* \* \* \* \*

"\* \* \* \* \*

"We must recognize, however, that the instruction is a comment on defendant's failure to testify even though it is supposedly for defendant's benefit and is designed to keep the jury from speculating on the reasons for his failure to take the stand and drawing improper inferences therefrom. There are those who believe the instruction is more harmful than helpful and regardless of how favorably to the accused the instruction may be worded it may inadvertently cause the jurors to consider certain adverse inferences which would not otherwise have entered their minds." (176 NW2d at 868, 869).

As we stated earlier in the opinion, the Court of Appeals acknowledged that there were holdings contrary to the "rule" which the court reached. One of these was *United States v. Schwartz,* 398 F2d 464 (7th Cir 1968), *cert den* 393 US 1062 (1969). There the defendant did not testify and presented no witnesses. It is difficult to ascertain the exact state of the record made in the trial court except insofar as the following language from the opinion may shed light:

"\* \* \* It was not reversible error to refuse to allow Schwartz to forego the benefit of Section 3481 of the Criminal Code (18 USC § 3481) insuring his right not to testify." (398 F2d at 469-70).

On appeal, the defense contended that the trial court should not have instructed the jury that defendant had an absolute right not to take the witness stand. Said the appellate court, "Such an instruction is considered to be helpful rather than prejudicial to a defendant." 398 F2d at 469. There is no discussion of constitutionality in *Schwartz.* The court relied upon *United States v. Garguilo,* 310 F2d 249 (2nd Cir 1962) and *United States v. Kelly,* 349 F2d 720 (2nd Cir 1965), *cert den* 384 US 947 (1966).

In *Garguilo* the instruction was given *sua sponte,* and the court said that the instruction is considered

helpful rather than prejudicial. The court reasoned that the jurors have observed the defendant's failure to take the stand, and in the absence of such an instruction nothing could be more natural than for the jurors to draw an adverse inference from the lack of testimony by the very person who should know the facts best.

In *Kelly* one co-defendant requested such an instruction, which was given over the objection of two co-defendants. The appellate court (terming these as Fifth Amendment instructions) said:

> "* * * we think they are unexceptionable, that, after Schuck's request the trial judge had no alternative other than to give these instructions, and that it would not have been error for him to give them even if Schuck had not made the request." (349 F2d at 769).

*Bruno* and *Garguilo,* among others, were cited as authority.

Another case cited as contrary to defendant's contention here is *United States v. Rimanich,* 422 F2d 817 (7th Cir 1970). Over prior objection the instruction was given. The opinion is silent as to the basis of defendant's objection and his assignment of error on appeal. Remarking that the instruction is thought to be helpful rather than prejudicial, the court found no error, citing *Schwartz, supra,* as authority. *See also United States v. Wick,* 416 F2d 61 (7th Cir 1969), *cert den* 396 US 961 (1969), to like effect.

The Court of Appeals noted another "contrary" holding as being found in *United States v. Williams,* 521 F2d 950 (DC Cir 1975). Appellant asserted as error the failure of the court to give the instruction which he had originally requested. His co-defendant had objected. The trial judge proposed giving the instruction in such form as to refer to appellant alone; thereupon, appellant withdrew his request in light of the proposed substitute instruction. No instruction concerning failure to testify was given. The appellate court found that the appellant had not made a proper record below

to have standing to assert this claimed error on appeal. By way of what we consider to be dictum, the court noted that under *Bruno* there was a right to have the instruction given, and went on to say:

> "However, there was no similar right of defendants to insist that such an instruction *not* be given." [their emphasis] (521 F2d at 955).

Also, in dictum, the court stated that it is "well-established" that it is not error for a judge to give the instruction on his own initiative, citing, *inter alia, Schwartz* and *Garguilo.* Nor, went on the opinion, is it error for the judge to do so over the objection of a sole defendant, citing, *inter alia, Wick.* On the other hand, in a footnote, the court opined (521 F2d at 955) that where there are no conflicting wishes of co-defendants the better practice is for the trial judge to respect the tactical decisions of defense counsel. There was *no discussion* of the issue as being on a *constitutional* level.

In its brief in the case at bar, the state directs our attention to some of the cases we have already discussed and to others which are of like holding. The state contends that other courts have held that while the giving of the instruction over the defendant's objection may not be the best practice, the instruction is nevertheless non-prejudicial, citing to us *State v. Goldstein,* 65 Wash 2d 901, 400 P2d 368 (1965), *cert den* 382 US 895 (1965); *Pearson v. State,* 28 Md App 196, 343 A2d 916 (1975); *Rogers v. State,* 486 SW2d 786 (Tex Cr App 1972); *Harvey v. State,* 187 So2d 59 (Fla App 1966), *cert den* 386 US 923 (1967).

In *Goldstein* the instruction was given at the state's request. Defendant excepted on the ground that the instruction "was prejudicial." It was held that the instruction given was a correct statement of the law under a 1949 decision of the Washington court, that the law "springs" from the Washington constitutional self-incrimination provision, and that it is not prejudicial whether given at the request of the state or on the

court's own motion. There was no discussion of Fifth Amendment rights.

In *Pearson* the instruction was given over the defendant's prior objection. The opinion recognizes that Fifth and Fourteenth Amendment issues may be involved and, after reviewing some of the authorities to which we have directed attention, concluded:

"On the other hand, we are not prepared to hold, in the absence of showing actual prejudice, that the giving of such an instruction, in correct terms, is violative of the accused's Fifth and Fourteenth Amendment rights, compelling a reversal of the accused's otherwise proper conviction. The rule in *Griffin v. California, supra,* directs only that the trial judge refrain from instructing the jury that an accused's failure to take the stand may be the basis for an inference of the accused's guilt.

"The accused is, of course, entitled to such an instruction if it is requested by him. We are not persuaded, however, that the giving of such an instruction by the trial judge *sua sponte,* or at the request of the prosecutor, even over the objection of the accused, constitutes reversible error in the absence of a showing that the accused suffered actual prejudice as the result of such instruction. Whether to give the instruction lies in the sound discretion of the trial judge and, unless an accused can show a clear abuse of that discretion, the action of the trial judge in giving such an instruction will not be disturbed if it is phrased in terms proper and fair to the accused.

"In the case at bar, the appellant makes no contention that the instruction itself was improperly phrased and since there has been no showing that the appellant suffered actual prejudice as the result of the instruction, we cannot find that there was an abuse of the trial judge's discretion in giving the instruction, notwithstanding appellant's objection thereto." (343 A2d at 920).

There was a dissent, which adopted the position urged by defendant before us.

In *Rogers* it is not clearly apparent from the opinion whether there was prior objection. Defendant did except to the charge, but the grounds are not stated in

the opinion. The court refused to reverse but admonished trial judges to omit the instruction when requested by defendant to do so.

The state also directs our attention to *People v. Harris,* 52 Mich App 739, 218 NW2d 150 (1974). There the court expressly disapproved dictum from a 1970 Michigan decision, which stated that a defendant should have a choice as to whether the instruction should be given. The court held that the giving of the instruction was mandatory as being an explanation to a jury of laymen of the reason why a defendant may not be called to testify in a criminal case:

"... We cannot assume that lay jurors know what lawyers and judges know. . . . [J]urors hear civil and criminal cases. In civil cases, they encounter testimony by all parties as well as testimony by defendants called for cross-examination. It is not reasonable to assume that they will understand why a criminal defendant does not testify without an explanation therefor." (218 NW2d at 151).

The state cites *State v. Dean,* 8 Ariz App 508, 447 P2d 890 (1968), for its comment on *Molano.* In *Dean* defendant had raised the issue as being of Fifth Amendment cognizance. The instruction was given over his objection. The majority of the court held that it was not error but that it was not well advised. There was a dissent, again adopting the position urged by defendant before us. The Arizona court was of the opinion that *Griffin* had been misapplied in *Molano,* stating as follows:

"We note that a recent California case has held that an instruction on failure to testify must be given if requested, but if the defendant objects to such an instruction, then to give it becomes a comment upon defendant's failure to testify as forbidden in *Griffin v. California,* . . . At the whim of the accused, an instruction which properly states the law on the subject undergoes a monumental transformation from a procedural safeguard required by the Constitution to a noxious and abhorrent comment forbidden by the very same Con-

stitution. The only basis for this rather startling meta-morphosis is the subjective desire of the accused.
"* * * * *

"Thus, we feel that the court may never err in giving an instruction on failure to testify, assuming that the contents of the instruction itself are adequate. . . ." (447 P2d at 895).

The Arizona court also noted another California Appellate Division decision as disapproving of *Molano: People v. Hernandez,* 264 Cal App2d 206, 70 Cal Rptr 330 (1968).

In *Hernandez* the court noted that *Molano* seemed to be out of step with other California Appellate Division decisions, stating in part as follows:

"The next day (August 24, 1967), the court in *People v. Molano,* 253 Cal.App.2d 841, 61 Cal.Rptr. 821, without mention, discussion or even recognition of California authorities, and relying solely upon a comment of Mr. Justice Douglas in his dissenting opinion in a case dealing not with the instruction in question but involving application of a statutory presumption of guilt where the accused fails to explain his presence at the site of an illegal distillery business (*United States v. Gainey,* 380 U.S. 63, 73, 85 S.Ct. 754, 13 L.Ed.2d 658, 674), held it to be error to give CALJIC 51 (1965 Revision) over the expressed objection of defendant because it calls the attention of the jury to the fact of defendant's silence (p. 846, 61 Cal.Rptr. 821)." (70 Cal Rptr at 334).

We believe this to be a fair summation of the *Molano* decision.

A later California case, *People v. Brady,* 275 Cal App2d 984, 80 Cal Rptr 418 (1969), is concerned with the same issue. The instruction was given at the prosecutor's request without prior objection from the defendant. The defendant on appeal asserted that this was error on Fifth and Fourteenth Amendment grounds. The *Brady* court recognized that California Appellate Division decisions on the matter are inconsistent and concluded that if the court gives the instruction upon its own volition or at the request of

either the prosecution or the defendant, the instruction is proper whether or not there is prior objection. From our reading of California Appellate Division cases mentioned in *Brady,* we are convinced of only one thing; namely, the decisions on this issue in California are truly inconsistent.

The Hawaii Supreme Court, in *State v. Baxter,* 51 Haw 157, 454 P2d 366 (1969), *cert den* 397 US 955 (1970), also concluded that *Molano* misapplied *Griffin.* After noting that under *Bruno* the instruction must be given when requested, the Hawaii court went on to say:

> "We cannot see how an identical instruction will affect a jury differently by the fact that, unbeknown to it, in one case there was an objection and in the other there was not. . . ." (454 P2d at 367).

We are called upon for the first time in this court to decide whether the giving of the instruction[9] over prior objection is an invasion of the defendant's Fifth Amendment rights under the self-incrimination clause. We are required to do so without help from the one source which could put the issue to rest; namely, the United States Supreme Court. Despite the diversity of reasoning and results in the state and federal appellate courts, there is no United States Supreme Court decision on this issue. We do not believe the Fifth Amendment, as interpreted and applied in *Griffin* requires reversal. The reasoning of the Michigan and Hawaii courts described above commends itself to us.

Since most of the cases discussed herein are of fairly recent vintage, it might appear that going back to 1924 for help is something akin to the preparation of oxtail soup; i.e., going pretty far back in search of something good. Nevertheless, we draw attention to an opinion of Learned Hand in *Becher v. United States,* 5

---

[9] Defendant does not contend that the instruction given in this case is a misstatement of the law, and for the purposes of this case we regard it as a proper charge.

F2d 45 (2d Cir 1924), *cert den* 267 US 602 (1925), in which it is stated:

> "In his charge the learned trial judge without request from the defendants mentioned the fact that they had not taken the stand. With some elaboration he instructed the jury that no inference of guilt could be drawn from this. Becher now urges that any allusion to the fact was reversible error. It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity." (5 F2d at 49).

If we could say it better, we would do so.[10]

We have no quarrel with the portion of the dissent which recognizes the supervisory power of the Court of Appeals and of this court over the administration of justice in the trial courts. We do, however, disagree with its application as a vehicle for deciding this case. In taking the position that defendant's Fifth and Fourteenth Amendment rights were not violated, we make no law which either requires or proscribes any legislative action.

The Court of Appeals was concerned with the trial court's interference with the trial strategy of defendant, and, as we have noted earlier herein, phrased this concern in terms of overriding "the knowledgeable objection of competent defense counsel." The dissent likewise expresses concern over the interference with this trial strategy, stating:

> "Unless the trial court has substantial and justifiable doubt of the competency of counsel, the trial court should not interfere with that strategy."

We believe the language in each case may well create more problems than it purports to solve. (See footnote 3 of this opinion.) We believe the language of the dissent may well encourage more interference with

---

[10] Trial courts are advised, however, that it would be better practice not to give such an instruction unless it is requested by the defendant or, in a case where there are co-defendants, by at least one of them. *Compare State v. Kimball,* 176 NW2d 864 (Iowa 1970).

trial strategy and place a more difficult burden on the trial judge than does the course we have suggested in footnote 10.

Reversed.

**DENECKE, C. J.,** dissenting.

The majority states the issue to be whether the trial court's instruction violates the defendant's right against self-incrimination as guaranteed by the Fifth and Fourteenth Amendments of the Federal Constitution.

I am of the opinion that we should not decide this case on a constitutional issue. I conclude, as did the Court of Appeals, that the trial court's instruction is not proper criminal trial practice and, therefore, the conviction should be reversed.

When the United States Supreme Court holds *for* the defendant in a criminal case, it frequently bases its decision on "the exercise of its supervisory authority over the administration of criminal justice in the federal courts * * *." *McNabb v. United States,* 318 US 332, 341, 63 S Ct 608, 87 L Ed 819 (1943). *United States v. Hale,* 422 US 171, 95 S Ct 2133, 45 L Ed2d 99 (1975), applied the same principle. As the opinions in these two cases indicate, it follows this procedure although the defendant has argued solely on constitutional issues.

The Oregon Court of Appeals has used this practice; that is, deciding cases on nonconstitutional grounds although constitutional grounds were urged. *Neuhaus v. Federico,* 12 Or App 314, 317, 505 P2d 939 (1973).

In my opinion the reason for such a principle is the rigidity of constitutional rulings. If a court declares a practice contrary to the Federal or State Constitutions, the legislative branches cannot effect any change. Change by the people is difficult, particularly if it must be accomplished by amending the Federal Constitution. Courts should be sensitive to barring legisla-

tive action when non-constitutional alternative solutions are available.

If a court holds *against* a defendant in a criminal case who is claiming rights under the Federal or State Constitutions, the court must necessarily decide the constitutional issue.

This court has not yet expressly held that we have supervisory power over the administration of justice in the trial courts. The Court of Appeals has expressly recognized it has that power. *State v. Gassner,* 6 Or App 452, 459, 488 P2d 822 (1971). This court has repeatedly assumed we have that power. Two examples are *State v. Shipley,* 232 Or 354, 360-362, 375 P2d 237 (1962), cert den 374 US 811, 83 S Ct 1701, 10 L Ed2d 1034 (1963), and *State v. Marsh,* 260 Or 416, 435-444, 490 P2d 491 (1971).

In *Shipley* we considered whether to adopt the McNabb-Mallory rule. We recognized the rule as one based upon supervisory power over the practice of the trial courts. We refused to adopt the rule, not because of a lack of authority, but because we deemed the rule inadvisable. In *Marsh* we considered the "dynamite" instruction given to juries which appear to be having trouble in reaching a verdict in a criminal case. We held the dynamite instruction given was improper but not reversible error because no exception was taken. We also approved a modified instruction on that general subject. The only basis for our decision could be our supervisory power over the trial courts.

Turning to the merits of the present case, the defense attorney decided his client would be prejudiced if the court instructed that the jury could draw no inferences from the defendant's failure to testify. He so informed the court. The question of whether the defendant was or would be prejudiced by such an instruction is debatable and probably unanswerable. I can think of no reason why the instruction should be given over defendant's objection. I disagree with the trial court that over defendant's objection it was

necessary to give it to protect the defendant's right against self-incrimination.

The decision by counsel not to have the instruction given was a decision based on trial strategy. Unless the trial court has substantial and justifiable doubt of the competency of counsel, the trial court should not interfere with that strategy. If counsel's requests made pursuant to such strategy are otherwise not objectionable, the trial court should grant the requests.

I would affirm the decision of the Court of Appeals.