STATE OF OREGON,
*Respondent,*

*v.*

LARRY ALAN HART,
*Appellant.*

(85-0793; CA A39271)

733 P2d 913

Stephen A. Houze, Portland, argued the cause for appellant. With him on the brief were Sharon A. Williams and Birkland & Houze, Portland.

Thomas H. Denney, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

Young, J., specially concurring.

## WARDEN, P. J.

Defendant appeals from a judgment of conviction for assault in the third degree, ORS 163.165, contending that the trial court erred by instructing the jury on his right not to testify,[1] because defendant did not request the instruction.

Defendant excepted to the instruction:

"[C]orrect me if I am mistaken, Your Honor — but I do not believe that we requested defendant not testifying, and I don't have my proposed instructions with me. It is not my habit to request that. I didn't *voir dire* on it. For that reason, I believe it is prejudicial."

On appeal, defendant argues that the Oregon Constitution, Article I, sections 10, 11 and 12, precludes trial courts from giving the "defendant not testifying" instruction unless the defendant requests it. We do not reach the merits of the issue. Defendant has not raised a question for our review, because he failed to "make known to the trial judge the specific objection which he wishes to present on appeal * * *." *Harkins v. Doyle,* 271 Or 664, 670, 533 P2d 785 (1975); *Padel v. Narits,* 247 Or 566, 568, 430 P2d 1002 (1967). Defendant, having abandoned on appeal the ground for the exception actually made at trial, and not having raised at trial the ground for the exception argued on appeal, has waived any error in the instruction at issue.[2]

Affirmed.

**YOUNG, J.,** specially concurring.

I disagree with the majority's conclusion that defendant failed to preserve the error which he raises on appeal. I

---

[1] The court gave the jury Uniform Criminal Jury Instruction No. 1014:

"A Defendant has an absolute constitutional right not to testify; therefore, a Defendant's decision not to testify cannot be considered as an indication of guilt. It should not be commented upon or in any way considered by you in your deliberations."

[2] The preservation of error rule extends to constitutional issues raised for the first time on appeal. *See State v. Kessler,* 289 Or 359, 371 n 17, 614 P2d 94 (1980); *State v. Davis,* 56 Or App 535, 538, 642 P2d 350 (1982). Defendant's contention does not present the exceptional circumstances or manifest error which justifies our consideration of his claim. *See State v. Lakeside,* 277 Or 569, 588 n 10, 561 P2d 612 (1977), *aff'd sub nom Lakeside v. Oregon,* 435 US 333, 98 S Ct 1091, 55 L Ed 2d 319 (1978).

concur rather than dissent, however, because I would affirm on the merits.

I agree with the majority that our review usually is limited to theories raised below. *See State v. Hickmann,* 273 Or 358, 360, 540 P2d 1406 (1975). The majority, however, concludes that defendant did not adequately raise the theory he argues on appeal. Defendant's exception in its entirety was as follows:

> "[C]orrect me if I am mistaken, Your Honor — but *I do not believe that we requested defendant not testifying,* and I don't have my proposed instructions with me. *It is not my habit to request that.* I didn't voir dire on it. For that reason, I believe it is prejudicial." (Emphasis supplied.)

In my view, the emphasized language adequately raised the theory that defendant advances in this court.

On the merits, I would hold that it was not error to give the instruction. In *State v. Lakeside,* 277 Or 569, 561 P2d 612 (1977), *aff'd sub nom Lakeside v. Oregon,* 435 US 333, 98 S Ct 1091, 55 L Ed 2d 319 (1978), the court held that giving a similar instruction over the defendant's objection does not violate a defendant's rights under the Self-Incrimination Clause of the Fifth Amendment. After an extensive review of the various positions taken by other state and federal courts, the court approved the reasoning of the Hawaii court in *State v. Baxter,* 51 Haw 157, 454 P2d 366 (1969), *cert den* 397 US 955 (1970).[1] There, the court held that, because a defendant is entitled to the instruction upon request, *see Bruno v. United States,* 308 US 287, 60 S Ct 198, 84 L Ed 257 (1939), and because the court could not understand how the same instruction would affect a jury differently simply because the defendant had objected to it, it was not error to give the instruction over the defendant's objection. 51 Haw at 158-59. I would adopt the same reasoning for the purposes of Article I, section 12, of the Oregon Constitution.

---

[1] The court also stated that it was adopting the reasoning of the Michigan court. 277 Or at 587. I find that hard to believe. The analysis of the Michigan case cited in *Lakeside* is that the instruction *must* be given in all cases, because it is not reasonable to assume that a jury will understand why a criminal defendant does not testify without an explanation. That analysis is flatly inconsistent with the Oregon Supreme Court's recommendation that trial courts *not* give the instruction, unless it is requested by the defendant. *See* 277 Or at 588 n 10.

As to defendant's argument that giving the instruction violated his right to counsel under Article I, section 11, of the Oregon Constitution, I would adopt the reasoning of the United States Supreme Court in *Lakeside v. Oregon, supra:*

"In sum, if the instruction was itself constitutionally accurate, and if the giving of it over counsel's objection did not violate the Fifth and Fourteenth Amendments, then the petitioner's right to the assistance of counsel was not denied when the judge gave the instruction. To hold otherwise would mean that the constitutional right to counsel would be implicated in almost every wholly permissible ruling of a trial judge, if it is made over the objection of the defendant's lawyer." 435 US at 341.

On the basis of the foregoing, I join with the majority in affirming the judgment.